BOLIN, Judge.
Plaintiff filed this suit to set aside the sale of a house and lot in the City of Shreveport. The deed was executed on January 26, 1951, in favor of E. C. West. West died in 1952 and his heirs, known and unknown, were made defendants. The basis for plaintiff’s relief, as alleged in her original petition, was the failure of her ven-dee to carry out his obligations as set forth, in the deed of allowing her to continue living in the house during her lifetime or to furnish her some other suitable place. This allegation, of course, amounts to a plea of failure of consideration.
Plaintiff filed three supplemental and amended petitions, the first of which is not material to the determination of the case. The second supplemental petition entirely changed the basis of her original cause for nullifying the conveyance by asserting it was a donation omnium bonorum and therefore void. Finally, in the third supplemental and amended petition, plaintiff asserted as ground for setting aside the conveyance, mistake, fraud, error of fact and law, alleging she was under the impression she was signing a will and not a conveyance. From judgment in favor of defendants and rejecting her demands, plaintiff has perfected this appeal
Plaintiff’s specification of errors are numerous but principally are leveled at the failure of the lower court to sustain the allegations above set forth.
The deed described the property in controversy as:
“Lot 7 of block 7 of the Mayfair Subdivision, a subdivision of the City of Shreveport Caddo Parish Louisiana together with all of the improvements thereon and which property may be further described as the house and lot at 1921 Logan Street, Shreveport, Louisiana”
The stated consideration was $100 cash together with the following:
“and the further consideration of the Rev. E. C. West assuming herein and by this instrument a certain mortgage executed to secure a note made by the said Alice Edwards and payable to Future Holder November 24 1950 and in the amount of $750 together with the assumption by the said Rev. E. C. West of a mortgage executed by the said Mrs. Alice Edwards to secure a note made payable to Future Holder in the amount of $1,340.00 and dated October 2, 1947. In case of both of the notes referred to above mortgages were given on the above described property. Further consideration of this sale is that E. C. West promises to allow the said Mrs. Alice Edwards to continue to live at these premises or shall prepare suitable premises for her elsewhere to the end that she will have a place to live until her death.”
As previously stated, the principal issue raised by the original petition was the failure of the stated consideration in the deed in that she has not been allowed to continue to live in the premises or been provided with another suitable place. However, the trial court found as fact that plaintiff was not asked to leave by any of the. defendants and, to the contrary, left voluntarily in 1959 to live with her sister who resided in another state. While the plaintiff did not personally testify, her deposition was filed in evidence wherein she stated she left voluntarily. In addition, the burden was on the plaintiff to prove her contention that the obligations set forth in the deed were not fulfilled, and our review *533 of the record convinces us this was not done. Therefore, the claim of failure of consideration as a basis for setting the conveyance aside is without merit.
Plaintiff, in the second supplemental petition, alleges the conveyance was a donation omnium bonorum as it divested her of all her property leaving nothing with which to support herself, which rendered it void ab initio by virtue of LSA-C.C. art. 1497. However, we believe this contention also to be without merit. A review of the evidence removes even the slightest doubt that a substantial portion of the stated consideration was paid and, in fact, the only real dispute was whether there was a partial failure of consideration. The cash consideration, together with the mortgage obligations which were stated in the deed to have been assumed, exceeded the value of the property, at the time of the execution of the deed according to plaintiff’s own witness. Under these circumstances, we cannot conclude this transfer was any type of donation.
In the third supplemental petition, plaintiff sets forth as grounds for annulling the deed “mistake, error, fraud, and error ■of fact and of law”, alleging plaintiff was •of a gullible nature and thought she was “willing the property to said West”, not divesting herself of title. Again, we must ■say that the record does not support such allegations. In fact, the transcript reveals plaintiff had been secretary of her church for many years and of average capability with regard to business affairs. We believe plaintiff was well aware of the nature and ■consequences of her action in executing the deed in question.
Plaintiff further complains that the house in question was not maintained properly by defendants and was not in 'livable condition when plaintiff moved. It should be noted that the record does not contain any proof that plaintiff left the premises other than of her own volition and the condition of the premises had no relationship to this action. Further, the record does not convince us the house was in a state of disrepair. As stated by the trial judge, the plaintiff had a right at any time under the terms of her act of sale to bring suit to compel the repair of the building if it had deteriorated to such an extent she could not live therein. However, this is not such an action.
While recognizing a portion of the consideration in the deed granted plaintiff the right to live in the premises or to demand other suitable living quarters, we concur in the findings of the lower court that she has not supported her allegations with the requisite proof and is, therefore, not entitled to a cancellation of the conveyance. The judgment of the court below is affirmed at appellant’s cost.
Affirmed.