HERGET, Judge.
Mrs. Lydia C. Heintz died testate on November 2, 1951 bequeathing to her son Jared Y. Heintz three-fourths of her one-half interest in the community estate and to her daughter Mrs. Alma S. Heintz Gilbert the remaining one-fourth interest. Her surviving spouse, Charles H. Heintz, retained ownership of the remaining one-half interest in the community estate and acquired the usufruct of the portion bequeathed by his deceased wife to their *519 children. The validity of the will of Mrs. Lydia C. Heintz was questioned, the Trial Court sustained the validity thereof and further decreed Jared Y. Heintz, Mrs. Alma S. Heintz Gilbert and Charles Heintz to be the owners of the community interest of the decedent in the proportions above set forth; which judgment, on appeal to the Supreme Court of the State of Louisiana, was affirmed. Gilbert v. Heintz, 231 La. 535, 91 So.2d 784.
The immovable property of Mrs. Heintz’ estate which is involved in these two suits consists of the following:
“I. Situated in the Town of Coving-ton, State of Louisiana, it being a part of triangle or Block No. Eight (8) of the Division of St. John; said triangle is bounded by Massachusetts Street, Theard Avenue, and an unnamed Street running from Theard Avenue to Boston Street, more fully described as follows:
“Commencing at corner ‘A’ of survey made by Howard Burns, dated July 25th, 1923, No. 2096 which corner is set on the N.W. line of Massachusetts Street 35 feet Northerly from the North line of Boston Street. Thence Northerly along the Northwest line of said Massachusetts Street 100 feet to corner ‘B’; thence at right angles Westerly 84 feet to the East line of the said above unnamed street, to corner ‘C’; thence Southerly along the East line of said ‘unnamed’ street to corner ‘A’ the point of commencing. Said piece of land contains 4418 square feet.
“Being the same property acquired by Mrs. Lydia C. Heintz wife of Chas. H. Heintz, on August 16, 1923 by act recorded in COB 84, folio 437 of the official records of St. Tammany Parish, Louisiana.
“II. Fractional Square Seven (7) of the Division of St. John, Town of Covington, Parish of St. Tammany, Louisiana. Said Fractional Square is bounded by Boston Street, Theard Avenue and Street without a name, together with all the buildings and improvements thereon situated.
“Being the same property acquired by Lydia O. Cooper, wife of Charles H. Heintz by deed dated November 19, 1919 and recorded in COB 76, page 267 of the official records of St. Tammany Parish, Louisiana.
“LESS AND EXCEPT: All that certain portion of ground, situated in the Town of Covington, St. Tammany Parish, Louisiana, in the Division of St. John of said Town and being a portion of Fractional Square 8, and being more fully described as follows:
“Commencing at the intersection of Theard Avenue and Massachusetts Street and ruilning along Massachusetts Street a distance of 162 feet towards Boston Street. Thence turning 87 degs. 10 mins, to the right and running a distance of 85 feet to old corner and the point of beginning, marked ‘A’ on the attached map.
“From the above line and the point of beginning, turn 27 deg. 10 mins, to the right and run a distance of 57 feet to Theard Avenue or Street. Thence running along Theard Street or Avenue towards Massachusetts Street a distance of 15.5 feet to old corner; thence running on a straight line to the point of beginning a distance of 55 feet, all as per the attached map or survey made by C. R. Schultz, Surveyor, May 20th, 1946, a blue print of which is hereto attached as part hereof.
“Together with all buildings and improvements thereon and all rights thereunto belonging. It is understood that if any portion of any public property or street is included in the above survey, the vendor does not warrant title to the same.
*520 “The above described property being the same conveyed by Mrs. Lydia O. Cooper Heintz, wife of Charles H. Heintz, to Norman K. Haik on June 10, 1946 by deed recorded in COB 173, page 260 of the official records of St. Tammany Parish, La.”
On January 20, 1955 Mr. Charles Heintz sold his undivided one-half interest in and to the above described property to his son, Jared, for the recited consideration of $1,-000 cash “and the further consideration of being allowed the right and occupancy of said property during the period of his natural life.”
On May 16, 1958 Jared Heintz, alleging that he owns %ths of the property and his sister owned the remaining }4th in indivi-sión, brought suit against his sister, Mrs. Gilbert, praying that they be decreed owners in indivisión and further praying for partition by licitation of the property. He alleged ownership of an undivided %ths interest of the property by virtue of the acquisition of three-fourths of one-half, or ¡Hjths of the whole, by inheritance from his mother, above referred to, and an acquisition of the remaining one-half interest or %ths of the whole by virtue of the Act of Sale of January 20, 1955 from his father, above referred to, thereby giving him a J^ths undivided interest in the property.
This suit now numbered 5294 of the Docket of this Court was consolidated with a suit brought by Mrs. Alma S. Heintz, wife of Fred Gilbert versus Jared Y. Heintz on October 20, 1958 in which action Mrs. Gilbert prayr that the sale by Charles Heintz to Jared Heintz be nullified on the alternative grounds that (1) the sale is a simulation; (2) the sale is a donation in disguise; (3) the vendor sought to reserve unto himself the usufruct of his undivided one-half interest in the property in contravention of LSA-Civil Code, article 1533; and (4) the vendor divested himself of all his property in contravention of LSA-Civil Code, article 1497, said suit being numbered 5295 on the Docket of this Court.
The two suits were consolidated in the Lower Court for trial and judgments were rendered therein rejecting Jared Y. Heintz’ demands as to the proportion of ownership of the property; declaring the sale from Charles Heintz to Jared Heintz to be null and void; declaring Jared Heintz to be the owner in indivisión of %ths and Mrs. Gilbert to be the owner of an undivided ¡Hsths interest of the property and finally ordering a partition thereof by licitation. From these judgments Jared Heintz appealed suspensively to the Supreme Court of the State of Louisiana and that Court transferred the cases to this Court under the provision of the Constitution of the State of Louisiana as recently amended, giving this Court jurisdiction.
In his reasons for judgment the Trial Court concluded that the sale from Charles H. Heintz to Jared Y. Heintz, dated January 20, 1955 and filed for record January 13, 1958 was null and void and of no effect and ordered same canceled and erased from the Conveyance Records of the Parish of St. Tammany, Louisiana. In arriving at this conclusion the Trial Court gave written reasons reviewing in detail the evidence and law applicable to the question and we quote with approval and adopt as our own his reasons therefor in these words:
“Suit 15,634, plaintiff, Mrs. Alma Heintz Gilbert, attacks the validity of the sale from Charles H. Heintz to Jared Y. Heintz on the ground that it is a simulation and no consideration was paid. Of course, the question of ownership really depends on whether or not the sale from Charles H. Heintz to Jared Y. Heintz is a valid sale or not. It is a well established principal and fact in our law that a simulated sale is one in which no consideration whatsoever was paid. If any consideration whatsoever is paid by the purchaser of the piece of real estate, it may have other defects, but is certainly not a simulated sale. There were 57 type written pages of testimony taken in *521 these cases, together with a deposition and documentary offerings. The testimony of Jared Y. Heintz, together with documentary offerings, disclosed the fact that Jared Y. Heintz paid to Charles H. Heintz $400.00 in the form of a check, dated January 20, 1955, on the Citizens Bank and Trust Co. of Covington, La., which was endorsed by Charles H. Heintz, and which was marked paid by rubber stamp of the bank of date January 29, 1955, which is introduced in evidence. Jared Y. Heintz also testified that he paid Charles H. Heintz $600.00, cash, which he had gotten from his wife. It later developed in the testimony that approximately $600.00, cash, turned up in the hands of Jared Y. Heintz’ little daughter, Olivia Heintz, who is about four years old, Jared Y. Heintz claiming that Charles H. Heintz had given the money to his daughter as a present. Jared Y. Heintz further testified that, presumably, Charles H. Heintz had spent the $400.00 obtained by the cashing of the $400.00 check. The fact that at least $600.00 of the $1000.00 of the purchase money alleged to have been paid by Jared Heintz to Charles H. Heintz for this property later turns up in the hands of Jared Y. Heintz’ little four year old daughter, throws suspicion on this transaction, if nothing more. However, it doesn’t fully explain the disposition of the remaining $400.00 paid toward the purchase price of this property. In the absence of conclusive evidence to the contrary, it must necessarily be assumed that some consideration was paid for this property. This being true, it was not a simulated sale, although transacted under very suspicious circumstances.
“The next question is, was this a pretended sale, a donation in disguise? The sale is alleged to be for the sum of $1000.00. In the succession of Mrs. Lydia Cooper Heintz, No. 2208, the inventory of the real estate made by two appraisers on the 18th day of March, 1953, values the property at $20,000.00. This appraisal was made in 1953, several years before these present suits were filed and before the causeway across Lake Ponchartrain was built and even before the bonds were sold. It is common knowledge that the sale of the bonds and the later completion of the causeway enhanced property in St. Tammany Parish tremendously. However, it is the value of the property at the date of the deed from Charles H. Heintz to Jared Y. Heintz which would control. If the entire property was worth $20,000.00 on March 18, 1953, according to the succession inventory, Probate No. 2208, one-half of course would be $10,000.00 and one-fourth of $10,000.00 would be $2500.00. The alleged sale from Charles H. Heintz to Jared Y. Heintz for $1000.00 is considerably less than one-fourth of the value of the one-half interest which Charles H. Heintz sold, or attempted to sell, to Jared Y. Heintz.
“Article 2444:
“ ‘Art. 2444 — Sale of immovables by parents to children, disguised donation
“ ‘The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price, has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.
“ ‘Art. 1536 — Donation of immova-bles or incorporeals, form required
“‘An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.’
*522 “In spite of the provisions under [LSA-] C.C. 2480 that where a thing sold remains in the possession of the seller because he has reserved the usu-fruct or possession to himself, that sale is presumed to be simulated with respect to the third person, and that party must produce proof that they are acting in good faith. The Court feels that the defendant in suit No. 15,634 has overcome this burden by presenting evidence that at least some consideration was paid to vendor, Charles H. Heintz. The question of whether or not the pretended sale was a donation in disguise, was a different matter. Mrs. Alma Heintz Gilbert was a forced heir of Charles H. Heintz. Less than one-fourth of the value of the property Charles H. Heintz sold to Jared Y. Heintz was given as consideration of the sale, but, let us remember, too, the value of the property at the time of the sale in 1955. The Court doesn’t attach any importance to the defendant’s argument in his brief that the vendor, Charles H. Heintz 4was given the right of occupancy of said property during his lifetime. Charles H. Heintz did not sell the right of occupancy of said property and the Court doesn’t see how this right could be part of the consideration. It could not be part of the consideration of something he did not sell. The Court finds that the purported sale from Charles H. Heintz to Jared Y. Heintz, dated January 20, 1955 was in fact, a donation in disguise. The next question is was it a good donation? It was in direct contravention of [LSA-] C.C. 1533, for the reason that the seller reserved to himself the usufruct or occupancy of the one-half interest he sold, as follows:
“ ‘Art. 1533 — Donation or reservation of usufruct
“ ‘The donor is permitted to dispose, for the advantage of any other person, of the enjoyment or usufruct of the immovable property given, but cannot reserve it for himself.’
“Article 1536, already quoted here-inabove, provides that each donation inter vivos of immovables shall be passed before a Notary Public and two witnesses, under the penalty of nullity. The deed from Charles H. Heintz to Jared Y. Heintz was a private act before two witnesses, proved up before a Notary Public, by his other two witnesses. In other words, it is not a notarial act before two witnesses and not in the proper form required by law for donations inter vivos. The question of whether or not the attempted donation divested the donor of all his property and left him destitute is immaterial and is mere surplusage and cumulative.
“The Court finds that the sale from Charles H. Heintz to Jared Y. Heintz, dated January 20, 1955 and filed for record January 13, 1958 was a donation in disguise and in contravention of [LSA-] C.C. 1533, 1536 and 2444.
Charles H. Heintz to Jared Y. Heintz,
“The Court finds the sale from Charles H. Heintz to Jared Y. Heintz a donation in disguise and in contravention with the three codal quotes cited, as well as the jurisprudence of this State. It must necessarily follow that the Court must declare said sale null and void and of no effect and set the sale aside. * * * ”
After the two suits here under consideration had been filed but prior to rendition of judgment by the Trial Court, the father Charles H. Heintz died on August 24, 1958. Insofar as this record is concerned, it does not reveal that the Succession of Charles Heintz has been opened or that a judgment has been entered recognizing and placing his heirs in possession.
In view of our holding that the sale from Charles Heintz to Jared Y. Heintz was null and void, the property thereby *523 attempted to be conveyed must be returned to the estate of Charles H. Heintz. In the absence of proof of the fact, the Trial Court, we believe erroneously, concluded that Charles H. Heintz died intestate owning at his death an undivided one-half interest in the property involved in these suits and recognized Jared Y. Heintz and Alma Heintz Gilbert as his sole heirs and as such decreed them to be the owners of an undivided one-fourth interest each in the whole of the property. With the recognition of their inheritance as such from their father, the Trial Court concluded that Jared Y. Heintz was the owner of a %ths interest and Mrs. Alma Heintz Gilbert was the owner of a J4ths interest in the property. He then rendered judgment ordering a partition of the property by licitation, with the proceeds to be divided in the proportions as above set forth.
For the reasons assigned, the judgment in favor of Mrs. Alma S. Heintz, wife of Fred Gilbert, versus Jared Y. Heintz, No. 15,634 of the Twenty-Second Judicial District Court and No. 5295 of the docket of this Court, declaring the sale from Charles Heintz to Jared Y. Heintz, dated January 20, 1955, filed for record January 13, 1958, recorded in Book 259, Folio 92 of the Conveyance Records of the Parish of St. Tammany null and void and ordering the cancellation of the inscription of said sale from the Conveyance Records of the Parish of St. Tammany at the cost of Jared Y. Heintz is affirmed.
It is further ordered that the judgment rendered in the case of Jared Y. Heintz versus Mrs. Alma S. Heintz Gilbert, No. 15,256 of the Twenty-Second Judicial District Court, No. 5294 of the docket of this Court, recognizing Jared Y. Heintz to be the owner in indivisión of five-eighths interest in the property (described supra) and Mrs. Alma S. Heintz Gilbert to be the owner of an undivided three-eighths interest in said property, ordering a partition by licitation of said property and referring the parties to a notary for the purpose of completing said partition is reversed. All costs in said suit both in the District Court and in this Court are assessed one-half to Jared Y. Heintz and one-half to Mrs. Alma S. Heintz Gilbert.
Affirmed in part, reversed in part and rendered.