HALL, Judge.
Plaintiff brought this action against his divorced wife to remove a cloud from the title to certain mineral royalty interests. Defendant filed several exceptions to plaintiff’s petition which were overruled. Following trial on the merits judgment was rendered in defendant’s favor dismissing plaintiff’s suit at his cost. Plaintiff appealed.
The facts are uncontroverted. During the existence of the community of acquets and gains between plaintiff and defendant plaintiff’s father executed an act of sale conveying a mineral royalty interest in certain lands in Jefferson Parish to each of his three children including plaintiff. Plaintiff and defendant were later divorced.
Sometime subsequent to the divorce plaintiff requested his divorced wife to execute a quit claim deed to the aforesaid royalty interest which he had acquired from his father. She refused to do so, claiming that the royalty interest belonged to the community of acquets and gains formerly existing between herself and plaintiff and that she owned a community half interest therein. This suit followed.
Plaintiff contends that the instrument by which he acquired the royalty interest from his father, although in the form of a sale reciting a cash consideration, was in truth and in fact a donation and consequently the property therein conveyed is his separate property and defendant has no community interest therein.
The instrument in question is denominated a “Royalty Deed” and is in form and substance a sale under private signature for a cash consideration of $646.40. The instrument was acknowledged by the vendor before a notary public. It is noted parenthetically that there were no witnesses to-the acknowledgment.
The depositions of plaintiff and his brother and sister, introduced and filed in the record, are to the effect that no part of the cash consideration recited in the deed was ever paid. The attorney, who represented plaintiff’s father at the time, testified that for tax purposes he had advised his client to donate the rojralty interest to his children but that he had prepared the donation in the form of a cash sale because title examiners always looked askance at donations.
A mineral royalty is a real right and its transfer or conveyance requires all the formalities prescribed for the transfer of any other immovable. (See LSA-R.S. 9:1105; LSA-C.C.P. Art. 3664.)
Article 1536 of the Civil Code (LSA-C.C. Art. 1536) reads as follows:
“Art. 1536. An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.”
The instrument in question being an act under private signature does not meet the formal requirement of a valid donation inter vivos, even if duly acknowledged. (See Heintz v. Gilbert, La.App., 140 So.2d 518.) As a donation it is a nullity for lack of form, since it was not passed before a notary and two witnesses.
*345 The instrument was executed during the existence of the community between plaintiff and defendant and is by its terms a sale for a recited monetary consideration. The property thereby transferred is presumed to belong to the community and this presumption is conclusive against the plaintiff husband since the instrument in question does not contain the “double declaration” that the property is being purchased by the husband with his separate funds and for the benefit of his separate estate. See Slaton v. King, 214 La. 89, 36 So.2d 648, and list of cases there cited.
Plaintiff makes the curious contention that assuming the mineral royalty deed to be null as a donation for lack of proper form and assuming it to be a sale, the sale has no effect because it was made without consideration, citing LSA-C.C. Art. 1893, and consequently the community acquired nothing thereby. We presume he hopes by this contention to put himself in a position to acquire the property ultimately by inheritance from his father.
But plaintiff, in a suit to remove a cloud from his title, cannot be heard to show that he has no title.
In her answer to the suit defendant prayed that she be recognized as the owner of an undivided half-interest in the mineral royalties. The judgment appealed from is silent on this subject and the defendant-appellee prays that the judgment be amended so as to award her a one-half interest in and to the property. The failure of the judgment must be considered as a rejection of her demand. (See Villars v. Faivre, 36 La.Ann. 398; Mexic Bros., Inc. v. Sauviac et al., Court of Appeal, Fourth Circuit (1966), 191 So.2d 873.) Since defendant neither appealed nor answered the appeal we cannot amend the judgment to her greater advantage.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiff-appellant.
Affirmed.