304 So.2d 740 (1974)
Mrs. Mattie Lou ADAMS et al., Plaintiffs-Appellants,
v.
Inez F. TRICHEL, Defendant-Appellee.
No. 12477.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1974.
*741 McKinley Law Offices by Leslie L. LaCroix, Jr., Monroe, for plaintiffs-appellants.
Norris, Joiner & Swearingen by Lawson L. Swearingen, Jr., West Monroe, for defendant-appellee.
Before AYRES, PRICE, and HALL, JJ.
AYRES, Judge.
Plaintiffs, by this action, seek a decree of nullity of a purported sale by William James Fatheree to his daughter Mrs. Inez F. Trichel of a described 20-acre tract of land, together with the improvements thereon, situated in Franklin Parish, Louisiana. Plaintiffs are Mrs. Mattie Lou Adams and Mrs. Jesse Posey, two of the eleven children of William James Fatheree and issue of his marriage to Mattie Barton Fatheree; Mrs. Fern Robbins, Mrs. Louise Hair, and James William Newman, children and heirs of Mrs. Gertrude Fatheree Newman, another of the children of William James Fatheree.
Fatheree died intestate on December 25, 1960. Mrs. Fatheree, his wife, survived him but died on January 3, 1961, and Mrs. Newman died during March of 1928.
The record reflects that on December 17, 1947, William James Fatheree acquired from Ray Lance, the aforementioned lands and improvements for a recited consideration of $3,700$1,600 of which was paid in cash, $1,420 of which was represented by a mortgage on the property to the Winnsboro State Bank, the payment of which was assumed by Fatheree, and the balance of $680, represented by Fatheree's seven notes, six of which were in the sum of $100 each and the seventh in the sum of $80. The act of sale of the property by William James Fatheree to Mrs. Inez Fatheree Trichel, dated January 13, 1948, recited that the sale was made for and in consideration of the "price and sum" of $1,420 due the Winnsboro State Bank and $680 in notes due Ray Lance.
For a cause of action plaintiffs allege that the consideration recited in the second of the aforesaid deeds was never paid by Mrs. Trichel and that the vendor remained in possession of the property to the time of his death, despite the fact that no reservation of usufruct was made. Hence, it is contended that the purported act of sale was a simulation.
In the several alternatives, plaintiffs further contend that the aforesaid sale was a donation in disguise, that it worked a fraud upon them, and that it effected a divestiture of the entirety of the alleged donor's property, and that, finally, if any consideration was paid for the property, such price was less than one-fourth of its value.
On trial, all of plaintiffs' aforesaid contentions were held to be without merit, and accordingly their demands were rejected at their costs. From the judgment thus rendered and signed, plaintiffs appealed.
The consideration as agreed upon and recited in the deed under attack herein was in fact paid and the obligations discharged, not, however, directly by Mrs. Trichel but *742 by her twin brother through an agreement entered into between them in connection with Mrs. Trichel's aforesaid purchase.
We find no merit in any of the contentions raised or the claims made by plaintiffs. As emphasized in Spiers v. Davidson, 233 La. 239, 96 So.2d 502, 504 (1957):
". . . a simulated contract is one which has no substance at all, or is purely fictitious and a sham, an act of mere pretense without reality. Such a contract, although clothed in concrete form, is entirely without effect and may be declared a sham at any time at the demand of any person in interest."
See, also:
Houghton v. Houghton, 165 La. 1019, 116 So. 493 (1928);
Hibernia Bank & Trust Co. v. Louisiana Ave. Realty Co., 143 La. 962, 79 So. 554 (1918);
Pounds v. Yancy, 224 So.2d 1 (La.App., 1st Cir., 1969writ refused, 254 La. 810, 227 So.2d 145 [1969]);
Spiers v. Davidson, 135 So.2d 540 (La. App., 2d Cir., 1961cert. denied, 1962).
However, there is another well-established rule in the jurisprudence of this State to the effect that when the price, no matter how inadequate, has been paid by the purchaser in a sale, the transaction is not a simulated one. Bagala v. Bagala, 237 La. 60, 110 So.2d 526 (1959); Pounds v. Yancy, supra; Heintz v. Gilbert, 140 So.2d 518 (La.App., 1st Cir., 1962cert. denied, 1962); Spiers v. Davidson, supra (135 So.2d 540, 545).
In order to prove that the transaction was in fact a simulation, the burden rests upon plaintiff to establish that fact and to show that the named vendee received the property without giving consideration therefor. Spiers v. Davidson, supra (135 So.2d 540).
In this instance, that burden was not borne by plaintiffs, but, to the contrary, the evidence establishes that the consideration was in fact paid. The conclusion, therefore, is inescapable that the transaction under attack was not a simulation.
The attack upon the transaction, to the effect that it constituted a donation in disguise, is likewise without merit. LSA-C.C. Art. 2444 provides:
"The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale."
Under the language of this article, clearly stated, the provisions thereof are not applicable in the absence of proof that the price paid for the immovable was below one-fourth of its value at the time of the sale. There is no evidence in the record from which it could be concluded that the property was sold for less than one-fourth of its value at the time of the sale.
Plaintiff would, however, apply a rule, likewise established in our jurisprudence, that where the seller remains in possession after the sale there is a presumption of fraud or simulation and the parties must establish the reality of the sale. Cited are: LSA-C.C. Art. 2480; Succession of Elrod v. Elrod, 218 So.2d 83 (La.App., 4th Cir., 1969); Beatty v. Beatty, 186 So.2d 855 (La.App., 1st Cir., 1966). This presumption, of course, is a rebuttable one and, as already noted, consideration was paid and the reality of the transaction was adequately established.
Plaintiffs assert that the sole reason for the deed from the father to his daughter was to create a situation wherein he would be entitled to claim welfare benefits. Such reason, if true, would only constitute a motive on behalf of the vendor *743 for selling the property, but the motive, in view of the reality of the sale, would have no effect upon its validity; nor, in view of the reality of the transaction, would the fact that the vendor continued to live upon the property with his daughter have any effect upon the sale.
Nor is it of any importance that, by the sale, vendor divested himself of his property without retaining sufficient means for his subsistence. A conveyance of property supported by adequate consideration, even if the conveyance divested the vendor of all his property, is not a donation omnium bonorum. LSA-C.C. Art. 1497; Edwards v. Succession of West, 131 So.2d 531 (La.App., 2d Cir. 1961).
Finding no error in the judgment appealed, it is accordingly affirmed at plaintiffs-appellants' costs.
Affirmed.