448 So.2d 187 (1984)
Thomas B. FAVROT, et al.
v.
Clifford F. FAVROT, Jr.
No. 83 CA 0284.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
*188 Malcolm A. Meyer, Mary Ann McGrath Swaim, New Orleans, for plaintiff, appellant.
Max Nathan, Jr., Jerome K. Lipsich, New Orleans, for defendant, appellee.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
On November 3, 1981, Thomas, Allen, Blair and Clifford F. Favrot, Sr., filed a petition for declaratory judgment against Clifford F. Favrot, Jr., defendant. The petition sought to have Thomas, Allen and Blair declared lessees of certain property possessed by defendant.
The disputed property is part of a larger parcel leased by Clifford F. Favrot, Sr., from Carol Realty Corporation, a closely held family corporation. Gervais and Olga Favrot, Clifford, Sr.'s brother and sister, also held leases from Carol Realty on property adjacent to Clifford, Sr.'s parcel.
Clifford, Sr., father of the other plaintiffs and defendant, desired to apportion his leasehold interests among his sons. Gervais and Olga were similarly inclined. Thus, a document was prepared to assign in indivision the lease interests of Gervais, Olga and Clifford, Sr., to their respective children. The children would then execute new, separate leases with Carol Realty to divide their parents' lease interests into separate, individual parts.
Although Clifford, Jr. signed the document assigning his father's lease interests to himself and his brothers, he refused to execute the new lease partitioning the interests. Subsequently, he took possession of the disputed property.
At a special meeting of the Board of Directors of Carol Realty Corporation, held May 9, 1981, the Board purported to set aside the assignment document because all family parties had failed to sign after Clifford, Jr.'s action. New assignments were authorized, which led to the assignment of Clifford, Sr.'s lease interest to Thomas, Allen and Blair on August 26, 1981. When Clifford, Jr. refused to vacate the disputed property, plaintiffs brought this suit for declaratory judgment.
Defendant filed a peremptory exception of no right of action. But, before the court ruled on this exception, a suit for eviction was filed on August 5, 1982, by Carol Realty and the plaintiffs in the declaratory judgment suit. These two suits were consolidated, and on December 1, 1982, the district court sustained defendant's exception of no right of action to the initial suit.
Plaintiffs appeal the ruling of the trial court on the exception of no right of action.
LSA-C.C.P. art. 927(5) provides that one of the peremptory exceptions is: "No right of action, or no interest in the plaintiff to institute the suit." The essential function of this exception is to provide a threshold device for terminating a suit brought by one without the legal interest to assert it. Watkins v. Louisiana High *189 School Athletic Ass'n, 301 So.2d 695 (La. App. 3rd Cir.1974).
The requirement that the plaintiff have a "legal interest" is dealt with more particularly in the articles governing declaratory judgments. LSA-C.C.P. art. 1872 provides as follows:
"A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."
In Guidry v. Roberts, 331 So.2d 44, 47 (La.App. 1st Cir.1976), reversed on other grounds, 335 So.2d 438 (La.1976), this court cited LSA-C.C.P. art. 1872 and went on to state:
"Standing is a concept utilized to determine if a party is sufficiently affected so as to ensure that a justiciable controversy is presented to the court. The requirement of standing is satisfied if it can be said that the plaintiff has a legally protectible and tangible interest at stake in the litigation. See, Hainkel v. Henry, 313 So.2d 577 (La.1975); Abbott v. Parker, 259 La. 279, 249 So.2d 908 (1971)."
In the petition for declaratory relief, plaintiffs requested that they "be declared the lessees from Carol Realty of the property described" in the exhibits. The questions to be decided in the suit include the validity of the various assignments and leases. Plaintiffs, as signators of the documents, clearly have a legal interest in obtaining a declaration of their rights under the documents.
For the above reasons, the judgment of the trial court is reversed, the exception of no right of action is overruled, and the matter is remanded to the trial court for further proceedings. Costs to be paid by defendant-appellee.
REVERSED AND REMANDED.