FORET, Judge.
Marjorie Meyer Arsht (plaintiff) instituted the present action against her sister, Elene Meyer Davis (defendant), alleging that a 1959 transfer of real estate by plaintiff’s mother to defendant herein is void or, in the alternative, subject to collation. Defendant filed exceptions of no right of action, lack of procedural capacity, and prescription. The trial court granted the defendant’s exceptions of no right of action and lack of procedural capacity, and plaintiff has appealed.[1]
FACTS
Plaintiff and defendant herein are the children of Myrtle Levy Meyer, who died on January 21, 1987 while domiciled in Houston, Texas. A succession proceeding was opened in the State of Texas and, subsequent thereto, ancillary proceedings were filed in Lafayette Parish, Louisiana. In her will, Mrs. Meyer left her furniture and personal belongings to her two children in equal shares. Mrs. Meyer willed one-half of the residue of her estate to plaintiff as trustee, for the benefit of plaintiff’s children, while the remaining one-half interest was willed to defendant, as trustee for the benefit of defendant’s children.
On the same day that the ancillary proceedings were opened in Lafayette Parish, *374 plaintiff instituted the present action, seeking to annul a transfer of real estate from the decedent to defendant of an undivided interest in immovable property located in the State of Louisiana. The transfer which is the subject of this litigation is dated September 25, 1959 and is sometimes hereinafter referred to as “the 1959 transfer.” Alternatively, plaintiff seeks to have the property involved in said transfer collated to the succession.
Considering that the will of the decedent contained a clause[2] revoking- any bequest to a legatee or the legatee’s descendants in the event such legatee contests the validity of the will or attempts to prevent any provision thereof from being carried out, plaintiff herein specifically alleged in her petition that she was not, by virtue of the instant lawsuit, contesting the validity of the will or seeking to prevent any of its provisions from being carried out. In this regard, paragraph 8 of plaintiff’s petition states as follows:
8.
“The Petitioner is specifically requesting that the interest in the Bendel Property transferred by the 59 Transfer be returned by Elene Meyer Davis to her mother’s succession to be administered and eventually distributed in accordance with the Last Will and Codicil of the deceased. Petitioner is not asserting her rights as forced heir to a portion individually of the Bendel Estate Property because she supports and defends the Last Will and Codicil of the deceased and does not desire in any fashion to contest the validity thereof or to prevent any provisions thereof from being carried out.”
In sustaining defendant’s exceptions of no right of action and lack of procedural capacity, the trial court found that plaintiff, having waived her rights to her forced portion, no longer had an interest in seeking to annul the subject transfer or in demanding collation. Plaintiff’s appeal and assignments of error raise the following issues:
1. Does plaintiff have a right of action to declare the 1959 transfer a donation in disguise?
2. Does plaintiff have a right of action to demand collation of the property involved in the 1959 transfer?
3. Does plaintiff have a right of action to have the 1959 transfer declared an absolute simulation?
4. Does plaintiff have the procedural capacity to file the instant lawsuit on behalf of the testamentary trust created for the benefit of plaintiff’s children?
5. Can defendant argue on appeal that plaintiff’s petition fails to state a cause of action to declare the 1959 transfer an absolute simulation?
RIGHT OF ACTION TO DECLARE THE 1959 TRANSFER A DONATION IN DISGUISE
We start by considering the eviden-tiary effect of the plaintiff’s statement, contained in paragraph 8 of her petition, that she is not asserting any rights to her forced portion. It is well established that in determining whether or not an exception of no right of action should be granted, uncontradicted allegations of the plaintiff’s *375 petition are to be accepted as factual. Invest, Incorporated v. State, 247 So.2d 175 (La.App. 1 Cir.1971). The statement made by plaintiff in her petition pertaining to her waiver of rights to her forced portion is not contradicted by any other pleadings or evidence of record and accordingly, we consider this to be factual. It is apparent from the record that plaintiff made this concession in order to avoid the so-called “no contest” clause contained in the decedent’s will, thereby preserving the legacies made to both plaintiff and her children.
La.C.C.- art. 2444 provides as follows:
“Art. 2444. The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.”
Plaintiff maintains that the transfer in question is a donation in disguise which is void because it is not in authentic form and/or because a usufruct is reserved by the donor in violation of the prior enactment of Art. 1533 of the Louisiana Civil Code.[3] However, the threshold issue is whether or not the plaintiff has a right of action, considering her decision to waive all rights to the forced portion, to institute an action to declare the subject transfer a donation in disguise.
The function of the exception of no right of action is to provide a threshold device for terminating a suit brought by one without legal interest to do so. Favrot v. Favrot, 448 So.2d 187 (La.App. 1 Cir.1984). As such, the exception of no right of action addresses the question of whether a remedy afforded by law can be invoked by a particular plaintiff. Henry v. State, Through Dept. of Health, 435 So.2d 565 (La.App. 3 Cir.1983), writ denied, 441 So.2d 750 (La.1983). The exception of no right of action is to be distinguished from the dilatory exception of lack of procedural capacity, which latter exception does not question the interest of the plaintiff to maintain the suit but, instead, directs itself to the issue of whether or not the plaintiff has authority to act or assert the claim under consideration. Riche v. Ascension Parish School Board, 200 So. 681 (La.App. 1 Cir.1941).
Although we find no jurisprudence directly on point, we do find other cases which are of assistance in determining whether or not plaintiff herein has the requisite interest to institute the present action to annul the subject transfer as a donation in disguise. In Succession of Gardiner, 366 So.2d 1065 (La.App. 3 Cir. 1979), writs denied, 369 So.2d 154, 156 (La.1979), we held that the plaintiff had the requisite interest to institute suit to have a will declared a nullity where, if plaintiff prevailed, she would inherit the decedent’s Louisiana immovable property under our laws governing intestate successions. Thus, because we held that the plaintiff would receive a direct benefit from a successful resolution to the litigation, we found that she had a legal interest to institute suit. In Estate of Mallet v. Mallet, 527 So.2d 30 (La.App. 3 Cir.1988), writ denied, 528 So.2d 155 (La.1988), plaintiffs filed suit to annul a will which named plaintiffs as legatees. Plaintiffs were not heirs intestate of the decedent and would therefore inherit nothing if the will were declared a nullity. Considering this, we found that, because the plaintiffs had nothing to gain from this action, they had no legal interest and consequently no right of action to institute suit. In this regard, we stated the following:
“For one to be allowed to oppose a succession proceeding, one must have a jus-ticiable interest in doing so. One must therefore be able to benefit from the attack. Succession of Kilpatrick, 356 So.2d 1083 (La.App. 2nd Cir.1978), writ denied 359 So.2d 198 (La.1978), appeal after remand, 422 So.2d 464 (La.App. 2nd Cir.1982), writ denied 429 So.2d 126 (La.1983). The interest may come in the *376 form of being named as executor of the estate, see Kilpatrick, supra, or as attorney for a succession, see Succession of Pope, 230 La. 1049, 89 So.2d 894 (La.1956), or gaining an interest as an heir or legatee.
“Introduced into evidence at the hearing of this exception was the deposition of the notary who confected the 1975 will. The exception of no right of action challenges the plaintiffs’ interest to institute suit. Evidence is admissible on the trial of the exception of no right of action to controvert or support the objections pled, when the grounds therefor do not appear from the petition. No. Central Util. v. East Columbia Water Disk, 449 So.2d 1186 (La.App. 2nd Cir.1984); LSA-C.C.P. art. 927.
“The plaintiffs are legatees in the 1986 will, but yet seek to invalidate it. If the plaintiffs were capable of inheriting under the 1975 will, then a valid interest would exist for the plaintiffs to contest the 1986 will. However, it is clear that the 1975 will, which is properly in evidence and before the Court, is totally invalid, as the notary failed to sign it. The plaintiffs are seeking to invalidate the only will they may benefit from, and thus seek to lose any justiciable interest by the will’s invalidation, as the plaintiffs are not heirs and get nothing if the succession becomes intestate.”
Thus, it is apparent, from the above cited jurisprudence, that the key consideration is whether or not the plaintiff will directly benefit from a successful resolution to the litigation and, if so, the plaintiff clearly has a right of action to institute suit.
Turning now to the facts of the instant case, it is clear to us that plaintiff, having waived her right to her forced portion, lacks the requisite legal interest to institute suit to declare the subject transfer a donation in disguise. In short, plaintiff has nothing to gain in the event that she prevails in this litigation because the subject property will, by plaintiff’s own admission, devolve upon plaintiff’s children as well as the children of defendant herein. Thus, plaintiff is actually pursuing this litigation on behalf of and for the benefit of someone else. Under these circumstances, we have little difficulty in finding that plaintiff has no legal interest in instituting suit to declare the subject transfer a donation in disguise.
Alternatively, plaintiff argues that her children have much to gain from this litigation and that she, as trustee of a testamentary trust created for the benefit of her children, may represent their interests herein. It is true that pursuant to La.C.C.P. art. 699, a trustee is permitted to assert a claim on behalf of the trust estate. However, plaintiff has filed the instant action in her individual capacity and not in her capacity as trustee.[4] Furthermore, even if plaintiff had filed this action as trustee, plaintiff’s argument must fail because Art. 2444 specifically states that only forced heirs can institute suit to declare a transfer a donation in disguise. Plaintiff’s children are not forced heirs of the decedent and therefore do not belong to the class of persons to which the law grants this remedy. Thus, plaintiff herein, as trustee of a testamentary trust established for the benefit of her children, would have no right of action to institute suit to declare the 1959 transfer a donation in disguise. See, Marshall v. Brumfield, 457 So.2d 811 (La.App. 1 Cir.1984).
RIGHT OF ACTION TO HAVE THE PROPERTY INVOLVED IN THE 1959 TRANSFER COLLATED TO THE SUCCESSION OF MYRTLE LEVY MEYER
Art. 1235 of the Louisiana Civil Code provides as follows:
“Art. 1235. Persons obliged to collate; persons entitled to demand collation The obligation of collating is confined to children or descendants succeeding to their fathers and mothers or other ascendants, whether ab intestato or by virtue of a testament.
Therefore this collation can not be demanded by any other heir, nor even by *377 the legatees or creditors of the succession to which the collation is due.”
As noted earlier, the exception of no right of action tests the legal interest of the plaintiff to institute suit. See Favrot v. Favrot, supra. As previously mentioned, plaintiff does not claim any rights to her forced portion. Therefore, the return of the subject property to the succession through collation will not benefit plaintiff herein in any way. For this reason, plaintiff has no legal interest in demanding collation and, accordingly, has no right of action to do so.
Alternatively, plaintiff once again argues that her children have a legal interest in having the property involved in the 1959 transfer collated and that she, as trustee, may represent the trust estate in these proceedings. However, as noted earlier, plaintiff has not filed the instant action as trustee of the testamentary trust established by Myrtle Levy Meyer. Furthermore, the right to demand collation is a right reserved to those succeeding to the estate of the decedent. C.C. art. 1235; Succession of Higgins, 275 So.2d 447 (La. App. 4 Cir.1973). Plaintiffs children will not succeed to the estate of the decedent inf this case and therefore, they would have no right of action to demand collation. It necessarily follows, then, that plaintiff, as trustee, would not have a right of action to file the instant lawsuit on behalf of the trust estate.
RIGHT OF ACTION TO DECLARE THE 1959 TRANSFER AN ABSOLUTE SIMULATION
Art. 2026 of the Louisiana Civil Code defines an absolute simulation as follows:
“Art. 2026. Absolute simulation
A simulation is absolute when the parties intend that their contract shall produce no effects between them. That simulation, therefore, can have no effects between the parties.”
Thus, an absolute simulation exists when the parties make an apparent sale but actually intend for the vendor to remain as owner. Russell v. Culpepper, 344 So.2d 1372 (La.1977). It is a sham and is therefore an absolute nullity. Wilson v. Progressive State Bank & Trust Co., 446 So.2d 867 (La.App. 2 Cir.1984). The well established jurisprudence is to the effect that a transfer may be declared an absolute simulation at the demand of any person in interest. Adams v. Trichel, 304 So.2d 740 (La.App. 2 Cir.1974); Spiers v. Davidson, 233 La. 239, 96 So.2d 502 (La.1957), appeal after remand, 135 So.2d 540 (La.App. 2 Cir.1961).
Because plaintiff has filed the instant action in her individual capacity, the only issue presented for our consideration on appeal is whether or not plaintiff, individually, is an interested person so as to entitle her to maintain an action to declare the 1959 transfer an absolute simulation. We find that she is not. Again, plaintiff has absolutely nothing to gain in this lawsuit because she has waived her rights to the forced portion. She therefore has no legal interest in litigating this matter. We therefore find that plaintiff has no right of action to file suit to declare the 1959 transfer an absolute simulation. See Estate of Mallet v. Mallet, supra.
DEFENDANT’S EXCEPTION OF LACK OF PROCEDURAL CAPACITY
In view of our decision with regard to the defendant’s exception of no right of action, the issue of whether or not the trial court erred in granting the defendant’s exception of lack of procedural capacity is rendered moot and will therefore not be considered on appeal.
PLAINTIFF’S FAILURE TO STATE A CAUSE OF ACTION TO DECLARE THE 1959 TRANSFER AN ABSOLUTE SIMULATION
We have determined that the plaintiff does not have a right of action to maintain the instant lawsuit. Accordingly, the issue of whether or not plaintiff has a cause of action to do so is rendered moot and accordingly, will not be considered on appeal.
In view of the above and foregoing, we affirm the judgment of the trial court sustaining the defendant’s exception of no *378 right of action. All costs of this appeal are assessed to plaintiff-appellant, Marjorie Meyer Arsht.
AFFIRMED.
KING, J., concurs in part and dissents in part for written reasons assigned.

. The trial court did not reach the issue of prescription, stating that the defendant’s exception of prescription was rendered moot in light of its ruling on the exceptions of no right of action and lack of procedural capacity.

. Article III of the decedent’s last will and testament provides as follows:
"If any beneficiary hereunder shall contest the probate or validity of this Will, or any provisions hereof, or shall institute or join in, except as a party defendant, any proceeding to contest the validity of this Will or to prevent any provision hereof from being carried out in accordance with the terms hereof, regardless of whether or not such proceedings are instituted in good faith or with probable cause, then all benefits provided for such beneficiary and such beneficiary’s descendants are revoked and such benefits shall pass to the other beneficiaries of this Will, other than such beneficiary and such beneficiary’s descendants, in the proportion that the share of each such other beneficiary bears to the total of my estate. If all of the beneficiaries join in such contest or proceedings, then such benefits shall pass to those persons other than the persons joining in such contest who are living at the time of my death and who would have been my heirs had the person or persons contesting my Will and their descendants died immediately before me. Each benefit conferred herein is made on the condition precedent that the beneficiary shall accept and agree to all of the provisions of this will, and the provisions of this Article are an essential part of each and every benefit.”

. Prior to its reenactment in 1974, Art. 1533 of the Louisiana Civil Code provided as follows:
"RCC 1870, Art. 1533:
The donor is permitted to dispose, for the advantage of any other person, of the enjoyment or usufruct of the immovable property given, but can not reserve it for himself.”

. We should also note that there is no evidence of record establishing that plaintiff is, in fact, the duly appointed trustee of a testamentary trust established for the benefit of her children.