SALOOM, Judge Pro Tem.
This appeal arises from a succession proceeding in which the trial court ruled that an olographic will, containing a legacy of immovable property, was tacitly revoked by a subsequent sale of the bequeathed property.
On July 28, 1983, Jessie Clinton Price executed an olographic will bequeathing ten acres of land to her grandson, Stephen Baum, who was also appointed dative testamentary executor.
On November 13, 1985, Ms. Price sold twenty acres, including the ten acres mentioned in the will, to Polly Laborde, her only child and sole forced heir. Polly La-borde is the mother of Stephen Baum.
Following the death of Ms. Price on May 31, 1989, Ms. Laborde contested the probate proceedings, contending that the testamentary disposition to Stephen Baum was tacitly revoked by the subsequent sale on November 13, 1985, by which Ms. Price sold twenty acres, including the ten acres described in the will, to Ms. Laborde for $25,000.00.
The trial court ruled that the olographic will was tacitly revoked by the subsequent sale. The trial court relied on Civil Code article 1695 which states:
Art. 1695. Alienation of thing bequeathed
A donation inter vivos, or a sale made by the testator of the whole or a part of the thing bequeathed as a legacy, amounts to a revocation of the testamentary disposition, for all that has been sold or given, even though the sale or donation be null, and the thing have returned into the possession of the testator, whether by the effects of that nullity, or by any other means.
Appellant lists four assignments of error. First, appellant alleges that the trial court erred by refusing to allow parole evidence to be introduced to prove that the sale was an absolute simulation. We find no reversible error in the trial court’s ruling. The issue before the trial court was whether the act of sale constituted a tacit revocation of the olographic will. According to C.C. art. 1695, supra, a donation or sale of a legacy amount to a revocation “even though the sale or donation be null ...” Therefore, it is irrelevant whether the sale was simulated or not. The fact that an attempt was made to sell or donate this land whether valid or invalid, established the testator’s intent to revoke the previous will. The commentators of French Civil Code art. 1038 and the leading authorities interpreting our C.C. art. 1695 are of the opinion that the attempt to alienate, not its legal validity, is enough to revoke the disposition contained in the will. See Aubry and Rau, Civil Law Translations, Volume 3, Section 725; Planiol, Civil Law Treatise, Volume 3, Part 2, No. 2843; and Oppenheim, Successions and Donations, 10 Louisiana Civil Law Treatise, Section 141 (1973).
The cases cited by appellant are not applicable and are clearly distinguishable in that they involved actions by forced heirs to annul donations in disguise as authorized in Article 2444, Louisiana Civil Code. See Succession of Meyer, 550 So.2d 372 (La.App. 3d Cir.1989); writ granted, 556 So.2d 1271 (La.1990); reversed; 561 So.2d 58 (La.1990). Under LSA-C.C. art. 2444 only forced heirs may attack a sale as a donation in disguise. Since Stephen Baum is not a forced heir, he has no right of action under LSA-C.C. art. 2444. Appellant also relies upon the holding in Succession of Blakemore, 43 La. Ann. 849, 9 So. 496 (1891). In Blakemore, supra, the testator/vendor had not intended to divest himself of title but to protect it from “a *72 threatening danger”. Id. 9 So. p. 496. In fact, title was restored to vendor’s name before his death. Thus, the action of the testator/vendor was not intended to revoke the prior will. In the instant case, the transaction clearly establishes an intent to revoke the prior disposition by divesting of title to the immovable property.
Appellant’s second assignment of error is that the trial court erred in ruling that the issue of whether the act of sale relied upon to declare the testamentary disposition tacitly revoked was an absolute simulation was not properly before the court. For the reasons stated above we find no reversible error.
Appellant’s third assignment of error is that the trial court erred in finding that appellee had met her burden of proof to support a ruling that the testamentary legacy had been revoked. We find no merit in this assignment. It is clear that appel-lee presented the act of sale as evidence of the deceased’s intention to revoke tacitly the testamentary legacy.
Appellant’s final assignment of error is that the trial court erred in casting the costs of court on Stephen Baum without clarifying whether those costs were to be borne personally or in his capacity as executor of the testament. Appellee does not contest this assignment. Therefore, we will amend the judgment to reflect that costs were assessed against Stephen Baum as the testamentary executor.
Accordingly, for the reasons assigned, the judgment of the lower court is affirmed as amended. Costs of the trial court and this appeal are assessed against Stephen Baum in his capacity as testamentary executor.
AFFIRMED AS AMENDED.