MILLER, Judge.
Ernest and Moise Hongo filed this pos-sessory action against Cora Braxton Carlton. Title is not at issue. The Hongo property is north of and adjacent to the Carlton property, both fronting on Lee (or 8th) Street in the City of Natchitoches.
The trial court awarded possession of the disputed five or six foot strip to the Hon-gos and ordered Carlton to remove her chain link fence and pay $250 damages. Defendant appealed.
The facts show that an old fence was built about forty years earlier to separate the two properties. This old fence line was recognized by the trial court as the boundary. There were several trees along the old fence line with an apparent age of approximately forty years. The front half of the chicken wire fence was down in the ground, and the back portion was grown into the trees and covered with weeds, vines and brush. One could step over portions of the back part of the fence, and the front half had not been visible since a large tree at the front of the yard (but in line with the remainder of the old fence) had been cut several years before.
On March 5, 1968, the Hongos gave the City a right of way to install a sewage line across their property. The line was to be installed about five or six feet north of the old fence line — almost exactly where Mrs. Carlton later built her chain link fence. In negotiating for the right of way, Mr. Henry M. Hines, a City employee, and Ernest Hongo walked the line where the sewage line was to be installed. Later the line was staked on the Hongo property and still later in 1968 the sewage line was installed.
The contractor found it necessary to remove substantial parts of the old fence in order to install the sewage line. They also removed a dilapidated small chicken house which had been used by the Hongos many years earlier and was on the Hongo side of the old fence.
When the contractor set about to rebuild the fence along the old fence line, Mrs. Carlton stopped the construction stating that she didn’t want the kind of fence which the contractor was installing — using hog wire strung on creosoted posts.
During this time the Hongo property was occupied by a tenant who was subpoenaed *36 by plaintiffs and available to testify, but not called.
One of Mrs. Carlton’s sons mowed and raked the disputed parcel each summer after 1964. Another son cleaned bottles and trash from the disputed parcel during the same period. They testified that they performed these chores by crossing the old fence. They did not disturb the old fence.
In June of 1969, one of Mrs. Carlton’s sons began installing the disputed chain link fence approximately five or six feet north of the old fence. While the fence was under construction, a letter from plaintiffs’ counsel was hand delivered, stating:
“Ernest Hongo and Moise Hongo, owners of the premises at 925 Lee Street, advise us that you have taken possession of a strip of their land, presumably for the purpose of putting up some type of permanent fence.
“This is the south several feet of their property which they have possessed under fence in excess of forty years.
“Amicable demand is made for you to remove all posts, concrete and other materials placed on their property. Otherwise, suit will be brought against you to restore their possession.”
Suit was filed on September 26, 1969.
Appellant contends that the Hongo right of way agreement to the City was inadmissible because plaintiffs’ pleadings only claimed actual or corporeal possession —not civil possession. The instrument was admissible for it related to the testimony that Hongo and the City employee walked this line prior to executing the right of way agreement, and that the line was staked and later constructed based on the right of way executed by plaintiffs. There is no suggestion that Mrs. Carlton consented to or objected to the construction of the City sewage line.
Appellant next contends that plaintiffs’ possession was insufficient to prove the possession required by L.S.A.-CCP article 3658, which provides:
“To maintain the possessory action the possessor must allege and prove that:
“(1) He had possession of the immovable property or real right at the time the disturbance occurred;
“(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
“(3) The disturbance was one in fact or in law, as defined in Article 3659; and
“(4) The possessory action was instituted within a year of the disturbance.”
Article 3659 defines a disturbance in fact as
“ * * * an eviction, or any other physical act which prevents the possessor of immovable property or of a real right from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.”
In support of these arguments, defendant points to the absence of proof that plaintiffs occupied the property after their mother passed away in 1966. Other than Ernest Hongo’s testimony and answers to interrogatories, there is no proof that plaintiffs’ lessee occupied the property. Furthermore, defendant argues that Mrs. Carlton possessed the disputed strip since 1966 by cleaning and mowing it. Therefore, it is contended that plaintiffs’ possessory action was not instituted within one year of the disturbance.
The trial court’s holding is not manifestly erroneous. These questions attack credibility and preponderance of the evidence, where the trial court’s findings are entitled to substantial weight.
The trial judge did not assign written reasons. We presume that he found, as we find, that the evidence indicating Mrs. Carlton maintained the disputed five or six *37 foot strip (on the Hongo side of the old fence), was overcome by the exercise of possession by the Hongos, and the lack thereof by Mrs. Carlton, relating to the sewage line right of way. Additionally, every witness acknowledged the presence of the old fence for more than thirty years. Furthermore, Mrs. Carlton’s acts of possession prior to June, 1969 did not constitute an eviction or any other physical act which prevented the Hongos (or their tenants) from enjoying possession.
While Mrs. Carlton was having the fence constructed, notice to cease construction and remove the fence was delivered. On her refusal to comply, suit was filed within four months. This portion of the trial court judgment is supported by the evidence.
Lastly, defendant contends that plaintiff did not prove the $250 damages by a preponderance of the evidence. The trial court judgment ordered Mrs. Carlton to remove the steel wire fence and posts from plaintiffs’ property. We find this to he at defendant’s expense.
Only one plaintiff testified. He stated that he had been worried, inconvenienced, bothered, troubled and aggravated by the disturbance. He contended that he had a sale for the property which was aborted because defendant claimed part of plaintiffs’ property. This award was not supported by any other evidence, and was manifestly erroneous. Rhodes v. Collier, 215 La. 754, 41 So.2d 669 (1949).
The judgment appealed from is affirmed in part and reversed in part. The award of damages, together with interest thereon, to Ernest Hongo and Moise Hongo is rejected. In all other respects the trial court judgment is affirmed. Costs of this appeal are assessed one-half to plaintiffs and one-half to defendant.
Affirmed in part, and reversed in part.