317 So.2d 298 (1975)
Lynn R. TRAHAN, Plaintiff-Appellee,
v.
Robert G. FRANKLAND and Charles W. Frankland, Defendants-Appellants.
No. 5085.
Court of Appeal of Louisiana, Third Circuit.
August 6, 1975.
Planchard, Thompson & James, by A. J. Planchard, Sulphur, for defendants-appellants.
J. Fred Patin, Lake Charles, for plaintiff-appellee.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
FRUGE, Judge.
The plaintiff, Lynn R. Trahan, brought a possessory action against the defendants, Robert G. Frankland and Charles W. Frankland, seeking to maintain his possession of a strip of land approximately 50 feet in width, running north and south between properties of the parties. It was converted into a petitory action by the defendants. Stipulations entered at the trial on the merits relieved the defendants of the burden of proving their title, and left as the principal issue whether the plaintiff had acquired the 50 foot strip to the west of his property line by 30 years acquisitive prescription. Judgment was rendered denying the plaintiff's claim of acquisitive prescription but granting him damages to reimburse him the cost of moving a fence from his property placed there by the defendants. The defendants have appealed contending that the trial court erred in *299 awarding damages to the plaintiff. This appeal has been answered by the plaintiff, who asks for an increase in the award of damages and for a reversal of that part of the judgment which denies his claim of acquisitive prescription. We affirm.
By act of sale dated July 29, 1957, the plaintiff purchased from Paul Kiser Tract One of a survey of the west half of the southwest quarter of the southeast quarter of Section 15, Township 9 South, Range 10 West, Calcasieu Parish, Louisiana. By act of sale dated August 28, 1962, Robert Frankland purchased from Henry Kinney an undivided interest in and to the west half of Section 15, Township 9 South, Range 10 West, Calcasieu Parish, Louisiana. That property was partitioned on October 15, 1968, by which Robert Frankland received his portion of the property, the south half of the west half of Section 15. By act of sale dated January 18, 1968, Charles Frankland purchased an undivided interest in the west half of Section 15. The controversy in this case arose because the plaintiff was under the impression that a barbed wire fence to the west of his property marked the western boundary of his property. The defendants took the position that the property line was at some point east of this barbed wire fence. A survey was made on behalf of one of the defendants several years before the commencement of this litigation in an attempt to locate the proper boundary line between the two properties. Apparently some discussion was had between the plaintiff's present attorney and an attorney who at that time represented one of the defendants. However, there was no resolution of the dispute, and just shortly before this suit was filed the defendants erected a fence, hereinafter designated "new fence", on what they thought to be the property line between their property and the property owned by the plaintiff.
At the trial on the merits the plaintiff called to the stand several witnesses who testified that the barbed wire fence, hereinafter designated "old fence", had been located in its present position for more than 30 years. One remembered it being in that position as far back as 1924. The defendants' witnesses testified that the fence had not existed at that location in the late 1930's and early 1940's. The plaintiff's witnesses were familiar with the area because of having either passed through the area while hunting or while cutting timber in the area. The defendants' witnesses had farmed the area during the periods of which they testified. In his oral reasons for judgment the trial judge stated an affirmative belief in the credibility of the witnesses called upon to testify. He stated that he felt that some of the witnesses must have been in error as to the dates of their recollections of the location of the fence. He also suggested the possibility that the fence had existed as early as 1924 but had been removed during the period from about 1935 or 1936 to the mid or late 1940's. With reference to the plea of prescription on the part of the plaintiff, the trial judge concluded that the plaintiff had failed to meet his burden of proof, and he declared the defendants to be the owners of the property in dispute up to the half section line dividing the west half of Section 15. He noted that the latest survey of the area, the Walton survey,[1] indicated that the new fence erected by the defendants was located some seven feet to the east of the half section line and that this constituted a trespass on the plaintiff's land. The trial judge awarded damages to the plaintiff for the cost to be incurred by him in removing the fence which had been placed on his property by the defendants.
The defendants have appealed alleging error on the part of the trial court in allowing damages to the plaintiff. The plaintiff has answered the appeal asking *300 for an increase in the amount of damages awarded and for a reversal of the trial court's determination that the plaintiff failed to prove his claim of acquisitive prescription.
We deal first with the issue of acquisitive prescription. Article 3499 of the Revised Civil Code provides as follows:
"The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith."
Articles 3493 and 3494 provide that the possessor of an immovable is allowed to add to the sum of possession by him the sum of possession by his author in title in order to accumulate the necessary period of time for acquisitive prescription under Article 3499. Under these articles one claiming 30 years acquisitive prescription is not permitted to "tack" possession held by his vendor with whom he has no privity of estate or contract. See Stutson v. McGee, 241 La. 646, 130 So.2d 403 (1961). The plaintiff argues that in order to resolve the issues presented in this appeal we must consider the provisions of Article 852 of the Revised Civil Code, which provides as follows:
"Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession."
In Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957), the Louisiana Supreme Court stated as follows:
"Under the provisions of LSA-C.C. Art. 852 it is observed that one who has maintained uninterrupted possession of property within existing visible bounds during thirty years may retain the quantity so possessed by him though it be beyond and more than called for by his title. This is the possession that is essential to bring this article into operation, irrespective of the good or bad faith on the part of the possessor. There is nothing in the provisions of LSA-C.C. Art. 852 which demands the element of mutual consent of the parties. Its provisions clearly provide that possession of surplus land beyond one's title shall entitle him to retain the same once his possession has continued uninterrupted within visible bounds for a period of thirty years." 96 So.2d at 842. (Citations omitted).
The plaintiff contends that under Article 852 he is entitled to tack the possession of his vendor of all the property existing within the visible boundaries which he contends includes the 50 foot strip between his property and the property of the defendants. It is necessary for the plaintiff herein to establish his right to tack his vendor's possession because his possession of the property was commenced in 1957, less than 30 years prior to the commencement of this litigation.
We reject the plaintiff's claim of acquisitive prescription. The trial judge found as a matter of fact that the plaintiff had failed to meet his burden of proving the existence of the fence from approximately 1935 to 1948. Our review of the record indicates that the trial judge was not in error on this point. In addition, there is no evidence in the record to indicate that the plaintiff's vendor considered the old fence as the western boundary of his property or that he had any intention of possessing up to that fence. The record indicates only that when the plaintiff purchased the property from his vendor he was aware of the location of the old fence *301 and made certain repairs to prevent its deterioration. Apparently, he mistook the fence line as marking the western boundary of his property. For these reasons we affirm the trial judge's denial of the plaintiff's claim of acquisitive prescription.
Next we deal with the issue of damages. The defendants argue that under Smith v. Albritton, 153 La. 507, 96 So. 49 (1923), damages cannot be recovered when a possessory action is converted into a petitory action by an answer asserting title in the defendants. Alternatively, the defendants argue that the plaintiff has failed to prove any damages with certainty.
Smith v. Albritton, supra, involved a jactitory action which was converted into a petitory action by the answer asserting title in the defendant. In denying the application for rehearing the Supreme Court stated that damages are not to be allowed in suits for slander of title when the defendant, by his answer, has converted the suit into a petitory action. The jactitory action was designed to protect possession and give the possessor the same advantages when disturbed by slander as by actual physical intrusion. Livingston v. Heerman, 9 Mart., O.S. 656 (1821); see also Bell v. Saunders, 139 La. 1037, 72 So. 727 (1916). In the present case there has been an actual physical intrusion consisting of the placement by the defendants of a fence on the plaintiff's property. We find Smith inapplicable, and affirm the trial judge's holding that the plaintiff is entitled to damages to reimburse him the cost of having to remove from his property the fence wrongfully placed there by the defendants.
The defendants' contention that the plaintiff has failed to prove damages with certainty is without merit. The record supports the trial judge's conclusion that the defendants wrongfully erected a fence on the plaintiff's property. In order to reimburse the plaintiff the cost of removing the fence from his property the trial judge awarded him damages in the amount of $400.00. We find no error on the part of the trial judge in so ruling, and we therefore affirm that award.
For the reasons assigned the judgment of the trial court is affirmed. The costs of this appeal are to be borne by the defendants-appellants.
Affirmed.
WATSON, J., concurs in part and dissents in part, and assigns written reasons.
WATSON, Judge (concurring in part and dissenting in part):
I concur in the denial of plaintiff's claim of acquisitive prescription, but I dissent as to the award of damages by the trial court. The award of $400 in damages is not supported by the evidence and, therefore, is manifestly erroneous. Hongo v. Carlton, 241 So.2d 34 (La.App. 3 Cir. 1970).
NOTES
[1] A survey by A. R. Walton, as well as several other surveys, was introduced into the record at trial, and Stipulations as to the accuracy of the Walton survey were entered by the parties.