368 So.2d 1117 (1979)
James HODGES, Plaintiff-Appellant,
v.
LASALLE PARISH POLICE JURY, Defendant-Appellee.
No. 6782.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*1118 William Henry Sanders, Jena, for plaintiff-appellant.
Long & Peters, Jimmie C. Peters, Jena, for defendant-appellee.
Before CULPEPPER, FORET and DOCET, JJ.
FORET, Judge.
This is an appeal from a judgment sustaining the defendant's peremptory exception of no cause of action, dismissing the plaintiff's suit for damages resulting from defendant's expropriation of certain property. Appellant asserts that the lower court erred in sustaining the exception without affording him an opportunity to amend his petition.
This is a suit against LaSalle Parish Police Jury for damages "caused by violation of due process of law" (pl.'s. pet., Tr., pg. 2) due to expropriation by the Police Jury of certain property which the plaintiff "has enjoyed the use of and has the possession of. . ." (pl.'s pet., Tr., pg. 2). The Police Jury filed a peremptory exception of no cause of action which, as noted above, the trial court sustained, dismissing plaintiff's suit with prejudice.
The purpose of the exception of no cause of action is to raise the question of whether any remedy is afforded by law for the grievance alleged (all allegations contained in plaintiff's petition accepted as true). Guillory v. Nicklos Oil & Gas Co., 315 So.2d 878 (La.App. 3 Cir. 1975) and cases cited therein. While the trial court did not favor us with written reasons for judgment, by sustaining the exception it necessarily determined from the pleadings that plaintiff's allegations were insufficient, apparently due to the failure of the plaintiff to allege what legal interest he had in the land expropriated. Defendant argues in brief to this Court that, as plaintiff did not allege ownership of the subject property but merely stated that he had the "use" and "possession" of the property, this was insufficient to allow a cause of action.
While these are indeed vague terms, we note that the rules of construction under Louisiana jurisprudence in making out a cause of action are liberal (see Code of Civil Procedure Article 854). Pleadings should be liberally construed so that the pleader will have his day in court. Cox v. W. M. Heroman, Inc., 298 So.2d 848 (La.1974); Glass v. Vista Shores Club, 221 So.2d 304 (La.App. 4 Cir. 1969). Technical objections and harsh rules are not favored. Innovative Data Systems of La., Inc. v. Ellender, 316 So.2d 12 (La.App. 1 Cir. 1975); Buckley v. Nat Harrison & Associates, 245 So.2d 522 (La.App. 3 Cir. 1971).
Despite these liberal aphorisms in our present procedural law, we must agree with the trial court that the vague terms by which the plaintiff describes his interest in the expropriated property are insufficient to state a cause of action for which the law provides a remedy. To be entitled to damages, a person dispossessed by the government need not be the owner of the land; however, he must have a compensable legal status running with the land.
For example, a lessee is imbued with sufficient status under Louisiana law to require compensation for expropriation of the leased property. La.Constitution, 1974, Art. 1, Sec. 4; State, Dept. of Highways v. Holmes, 253 La. 1099, 221 So.2d 811 (1969); State, Dept. of Highways v. Illinois Central Railroad Co., 256 So.2d 819 (La.App. 2 Cir. 1972), writ refused.
The Fourteenth Amendment to the United States Constitution also requires compensation for any expropriation to anyone whose property has been taken, such as a tenant, for the value of his improvements. U. S. v. Seagren, 60 App.D.C. 183, 50 F.2d 333 (1931). In the present case, however, plaintiff has failed to allege any such or similar interest in the property in question: his "use" and "possession" allegations are vague legal conclusions and are legally insufficient to state a cause of action.
*1119 While we uphold the ruling of the trial court on the exception itself, we find that it erred in refusing to allow plaintiff an opportunity to amend his pleadings so as to state a cause of action. When the ground of exception can be removed by amendment, the trial court must allow petitioner the opportunity to amend. Code of Civil Procedure, Article 934; Succession of Guidry v. Bank of Terrebonne & Trust Co., 193 So.2d 543 (La.App. 1 Cir. 1966); Aetna Finance Company v. Antoine, 343 So.2d 1195 (La.App. 4 Cir. 1977); Sick v. Bendix-United Geophysical Corp., 341 So.2d 1308 (La.App. 1 Cir. 1976).
Plaintiff may be able, by amending his pleadings, to allege a cause of action in regards to this land, including ownership of it, or, as noted above, some other type of compensable legal status. The command of Code of Civil Procedure Article 934 is mandatory: the "Court ". . . shall order such amendment . . ." and while the plaintiff has not informed us of any specific amendment which he can make which would remove the grounds of the exception, he should be given an opportunity to do so.
We affirm the decision of the trial court sustaining the exception of no cause of action, and remand to allow the plaintiff fifteen (15) days from the date of receipt hereof (unless the trial court, for good cause, grants an extension of said period) to amend his petition to sufficiently state a cause of action.
Costs in the trial court must await final determination of the case. Costs of appeal are assessed against the LaSalle Parish Police Jury, insofar as that body is liable for court costs.
REVERSED AND REMANDED.