WATKINS, Judge.
Webb J. Polite and Narcille Drouin Polite, husband and wife, brought a possessory action against Reuben M. Newman and Clo-tile White Newman, and Ico, Inc., alleging that the Polites’ possession of a certain portion of a tract of land purchased by them from the Newmans had been disturbed by the filing of record in East Baton Rouge Parish of a mineral lease from the New-mans to Ico. Final judgment was signed on July 16, 1980, recognizing and maintaining the possession of plaintiffs to the subject property, and ordering the Clerk of Court to cancel the said mineral lease “in the event that Newman and Ico do not assert title to the property by proper suit within thirty days of the date this judgment becomes executory.” The Newmans and Ico thereupon filed the present petitory action. Defendants, the Polites, answered, alleging that they had purchased the property from the Newmans. The said defendants also reconvened for damages, alleging that, by recording a mineral lease to Ico, plaintiffs forced defendants to bring a possessory action; then, after defendants had prepared for trial, admitted defendants’ possession. An exception of no cause of action to the reconventional demand was filed by all defendants in reconvention (the Newmans and Ico), which exception was sustained. The Polites have appealed. We affirm.
The reconventional demand seeks:
(1) attorney’s fees for the bringing of the possessory action;
(2) damages for mental anguish, embarrassment and trespass resulting from the recordation of the mineral lease; and
(3) damages arising out of the necessity for the bringing of a possessory action.
Attorney’s fees may be awarded only when specifically provided for by law. There is no legal provision authorizing the awarding of attorney’s fees for the bringing of a possessory action. Furthermore, we have held that attorney’s fees are not recoverable for the bringing of a possessory action. Succ. of Cutrer v. Curtis, 341 So.2d 1209 (La.App. 1st Cir. 1976).
Plaintiffs in reconvention contend that damages were awarded for the recor-dation of instruments constituting a slander of title in LaCroix v. Villio, 123 La. 459, 49 So. 20 (1909). The awarding of damages in that case, we find, had in fact two bases, (1) the recordation of a fraudulent instrument of conveyance, and (2) the cutting out from the public records of the true owner’s instrument of title. In the present case there was no obliteration of instruments from the public record. There was the recordation of a mineral lease, but that instrument could not be characterized as fraudulent. It is common practice for mineral lessees to obtain mineral leases from conflicting title holders. This case is more nearly similar in facts to Smith v. Albritton, 153 La. 507, 96 So. 49 (1923). In that case it was held that damages are never allowed against a defendant in an action for slander of title which defendant has converted into a peti-tory action. The same principle should apply to the present case.
With respect to the allowance of damages for having to institute a possessory action, the holding in Smith v. Albritton, supra, is again applicable. Furthermore, in general, damages are never allowable to a person who is forced to have recourse to the courts to assert his legal rights, with certain exceptions, such as penalty and attorney’s fees in certain limited cases for which statutory provision is made. No statute permits damages for being constrained to bring a pos-sessory action.[1]
Lastly, somewhat as an afterthought, in an argument apparently not made in the lower court, no mention having been made of that argument in transcribed *1188 oral reasons for judgment, the Polites contend they are entitled to damages for malicious prosecution. As the original action was brought in the form of a possessory action by the Polites, and as they were responsible for the continued pursuit of that action up to the filing of the petitory action by the Newmans, we cannot see how it could conceivably be argued that an action was maliciously prosecuted against the Polites.
In its ruling dismissing appellants’ reconventional demand for failing to allege a cause of action, we find that the trial court erred in not allowing appellants an opportunity to amend their pleadings, if by so doing they could remove the grounds of the objection pleaded in the peremptory exception. LSA-C.C.P. art. 934.
For the foregoing reasons, we affirm the decision of the trial court sustaining the exception of no cause of action and remand to allow plaintiffs in reconvention fifteen days from date of this judgment to amend their reconventional demand.
Costs of this appeal are assessed against appellants.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

. Damages were awarded by the Third Circuit for an actual physical intrusion upon plaintiffs land which forced plaintiff to institute a posses-sory action. Trahan v. Frankland, 317 So.2d 298 (La.App. 3d Cir. 1975). However, that case carefully distinguishes between a mere slander of title (as in Smith v. Albritton, supra, which it specifically cites and distinguishes) and an actual physical intrusion, and indicates damages are permitted only in the latter case. The former Smith v. Albritton situation is the case here.