422 So.2d 1308 (1982)
Harold H. SUTTLES
v.
Theresa H. GIBSON, Clarence Holloway and Prudential Property and Casualty Insurance Company.
No. 5-209.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1982.
*1309 Gordon Hackman, Boutte, for defendants and appellants.
Jerry L. Finley, Louisiana Dept. of Transp. and Development, Baton Rouge, for plaintiff.
Before BOUTALL, BOWES and CURRAULT, JJ.
CURRAULT, Judge.
As a consequence of a suit arising from an automobile accident, defendants and appellants herein, Clarence Holloway and Theresa Gibson, filed a reconventional demand and third-party demand against plaintiff Harold L. Suttles, Prudential Property & Casualty Insurance Company and appellee, the Louisiana State Department of Transportation and Development, Office of Highways. The State of Louisiana subsequently filed a peremptory exception of no cause of action alleging that appellants' petition failed to state any facts upon which relief could be granted. In a judgment rendered May 18, 1981, the trial court granted the exception and dismissed the action against the Louisiana State Department of Transportation without prejudice. Following the trial court's denial of a new trial on September 18, 1981, appellants perfected this appeal.
The sole issue for our consideration is whether the trial judge erred when he failed to grant appellant leave to amend the defective petition upon sustaining the exception of no cause of action.
Citing Louisiana Code of Civil Procedure Article 934, appellants argue that the mandatory nature of the Article compels the trial judge to order amendment, if the grounds of the objections can be removed.
The Article provides as follows:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action shall be dismissed.
The mandatory nature of the right to amend is clear and unambiguous, but notably qualified by the restriction that the objections must be curable. The jurisprudence has consistently favored amendment whenever possible. Hays v. Muller, 248 La. 934, 183 So.2d 310 (1966); Newman v. Polite, 400 So.2d 1186 (La.App. 1st Cir.1981); Hodges v. LaSalle Parish Police Jury, 368 So.2d 1117 (La.App. 3d Cir.1979); Aetna Finance Co. v. Antoine, 343 So.2d 1195 (La. App. 4th Cir.1977). Where amendment would be a vain and useless act, however, amendment of the petition is not required prior to dismissal of the action. Woolridge v. Mouledoux, 398 So.2d 1272 (La.App. 4th Cir.1981); Louisiana & Southern Life Insurance Co. v. New Orleans Steamship Association, International Longshoreman's Association (A.F. of L.-C.I.O.) Welfare Plan, 384 So.2d 594 (La.App. 4th Cir.1980); Perkins v. *1310 Desrochers, 359 So.2d 323 (La.App. 4th Cir. 1978), writ denied, 362 So.2d 578 (La.1978).
In the case herein, the allegations of the petition concerning appellee read as follows:
Gibson and Holloway also complain of the Department of Highways that it continually had notice of the inoperation or character of the light, averring that that negligence and strict liability caused the collision in whole or in part.
We find that the trial court was not in error in sustaining the exception, but it is also apparent that the factual defects are susceptible of being cured. Thus, amendment is dictated in this case. Furthermore, and despite the fact that the dismissal of appellant's case is without prejudice thereby allowing a new suit to be instituted, judicial economy compels amendment. Forcing appellants to institute a new suit in this case would only create unnecessary burdens on the parties and the court. Pursuant to the mandate of LSA-C.C.P. art. 934, therefore, we remand the case and order the trial court to allow plaintiff 30 days to amend his petition.
For the foregoing reasons, the judgment sustaining the exception of no cause of action is affirmed, but it is reversed insofar as it failed to allow plaintiff leave to amend his petition. The case is hereby remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.