CRAIN, Judge.
This is an appeal from a judgment of the trial court maintaining defendant’s peremptory exception of no right of action and dismissing plaintiff’s suit.
*812 FACTS
Plaintiff, Lusety Marshall, petitioned to have declared a nullity an act of sale of 80 acres of land by Peter Brumfield to Melton Brumfield which was executed February 10, 1926, and recorded in the conveyance records of Tangipahoa Parish. Plaintiffs petition states that she is the granddaughter of Peter Brumfield.
Defendants, heirs of Melton Brumfield, excepted to plaintiff's petition on the grounds that plaintiff had asserted no facts giving her a right of action to have the sale annulled. The trial court maintained the exception and dismissed plaintiffs suit. From that judgment, plaintiff appeals. Defendants answered the appeal, asking for $1000 in attorney fees for plaintiff having taken a frivolous appeal.
In cases where the law grants a remedy to certain persons for the particular harm alleged by the plaintiff, the exception of no right of action raises the issue of whether the plaintiff belongs to that particular class to which the law grants a remedy. Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir.1979). Plaintiff, through her pleadings, seeks to have declared null an act of sale passed by her grandfather, alleging that it constituted a disguised donation. Her pleadings state, in pertinent part, “[Pjetitioner is the granddaughter of the late Peter Brumfield and as such has inherited an interest in the following described property...”.
La.C.C. art. 2444 provides:
The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale. (Our emphasis).
La.C.C. art. 1491 provides:
Every disposition in favor of a person incapable of receiving, shall be null, whether it be disguised under the form of an onerous contract, or be made under the name of persons interposed.
The father and mother, the children and descendants and the husband or wife of the incapable person, shall be reputed persons interposed.
Only forced heirs have been granted the remedy which plaintiff seeks in this case. La.C.C. art. 2444. At no point in her pleadings did plaintiff allege that she is a forced heir of Peter Brumfield by way of representation of a predeceased forced heir. She alleges only that she is his granddaughter. That declaration alone is inadequate to establish plaintiffs right of action in this case. We affirm the judgment of the trial court sustaining defendant’s exception.
While we uphold the ruling of the trial court on the exception itself, we find that it erred in not allowing plaintiff an opportunity to amend her pleadings so as to state a right of action. When the ground of exception can be removed by amendment, the trial court must allow petitioner opportunity to amend. La.C.C.P. art. 934; Hodges v. LaSalle Parish Police Jury, 368 So.2d 1117 (La.App. 3rd Cir.1979); Sick v. Bendix-United Geophysical Corporation, 341 So.2d 1308 (La.App. 1st Cir.1976).
If the facts so warrant; plaintiff may be able by amendment of her pleadings to allege a right of action in this case. Therefore, we remand to allow plaintiff a period of time to be determined by the trial court to amend her petition to sufficiently state a right of action.
In view of the remand, defendants’ request for attorney fees for plaintiff taking a further appeal is denied. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.