540 So.2d 391 (1989)
Adrienne D. GILBOY, et al.
v.
The AMERICAN TOBACCO COMPANY, et al.
Robert C. GILBOY, Sr.
v.
The AMERICAN TOBACCO COMPANY, et al.
Nos. 87 CA 1644, 87 CA 1645.
Court of Appeal of Louisiana, First Circuit.
February 28, 1989.
*392 George R. Covert, Baton Rouge, for plaintiff-appellant Adrienne D. Gilboy and Robert C. Gilboy, et al.
Curtis R. Boisfontaine, New Orleans, for defendant-appellee The American Tobacco Co.
Charles L. Chassaignac, New Orleans, and Theodore M. Grossman, Cleveland, Ohio, for defendant-appellee R.J. Reynolds Tobacco Com.
Donald A. Hoffman, New Orleans, for defendant-appellee Lorillard, Inc.
K. Eric Gisleson, New Orleans, for defendant-appellee The Tobacco Institute, Inc.
Henry D. Salassi, Jr., Baton Rouge, for defendant-appellee K and B, Inc.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
These consolidated cases arise out of a factual situation which began on April 27, 1986, the date that Robert C. Gilboy (Gilboy) was released from Our Lady of the Lake Medical Center after undergoing surgery for the removal of a brain tumor which had metastasized from his lungs. On March 26, 1987, Gilboy executed a donation inter vivos to five donees, giving to said donees his alleged[1] claim for damages for his cigarette-induced lung cancer. On March 30, 1987, the five donees filed suit against The American Tobacco Company, R.J. Reynolds Tobacco Company, Lorillard, Inc., all of whom are cigarette manufacturers, and The Tobacco Institute, Inc., and against K & B, Incorporated (erroneously referred to in the petition as K & B Louisiana Corporation), a vendor in its Baton Rouge branches of cigarettes manufactured by said companies (collectively referred to as defendants). The donees allege therein that they derive their cause of action by said act of donation and urge four separate causes of action.[2]
Reynolds responded to the petition with exceptions and an answer. Its exceptions were the peremptory exceptions of no right and no cause of action, and prescription. In its answer, Reynolds avers that plaintiffs (donees) have no right of action to pursue this claim for Robert C. Gilboy's own personal injury, and any attempted donation or transfer of these rights is invalid, without legal effect, and cannot bestow these rights on them. Similar pleadings were filed by The American Tobacco Company. Similar exceptions were filed by The Tobacco Institute, Lorillard, Inc., and K & B.
*393 On June 16, 1987, Gilboy was subpoenaed by defendants to appear for a discovery deposition. During the course of the deposition, certain questions were propounded to Gilboy which his counsel[3] instructed him not to answer. On July 14, 1987, Gilboy, alleging that the questions propounded to him were for the purpose of harassment, oppression and annoyance, and caused him humiliation, embarrassment, and anguish, filed suit for damages. Defendants responded with an exception of no cause of action and a motion for summary judgment. The exceptions and motion came on for hearing in regular order on September 4, 1987. The trial court maintained the exception of no cause of action and granted the motion for summary judgment, dismissing Gilboy's suit. No appeal was taken from this ruling, and it has become final.
Additionally, the exceptions of no right and no cause of action in donees' lawsuit came on for hearing at the same time. The trial court maintained the exceptions and dismissed donees' lawsuit without leave to amend. That ruling has prompted this appeal.[4]
The primary issue presented in this appeal is whether an individual may legally donate his cause of action for personal injury during his lifetime. The trial court in its oral reasons held that public policy does not allow a person to assign his cause of action for personal injuries, that same is personal to him and cannot be assigned, and it granted the exception of no right of action.
The law has been well settled in this state for many years that a transfer of a personal injury cause of action during the lifetime of the injured party is not permitted because of the intensely personal nature of such actions. See, e.g., Irion v. Knapp, 132 La. 60, 60 So. 719 (1913). See also Hickman v. Parish of East Baton Rouge, 314 So.2d 486 (La.App. 1st Cir.), writ denied, 318 So.2d 59 (La.1975), where this court held that a cause of action for injury is accorded only to the victim of the offense during his life, it is personal to him, and it is not shared by any other person.
The decision of the trial court which sustained the exception of no right of action was correct and should be affirmed. However, we must also address donees' second specification of error that the trial court erred in not permitting an amendment of the petition to substitute Gilboy as plaintiff. When sustaining a peremptory exception, the provisions of LSA-C.C.P. art. 934 must be considered because same impose a mandatory duty upon the trial court to order an amendment of the petition when the grounds for the exception may be removed thereby. See Marshall v. Brumfield, 457 So.2d 811 (La.App. 1st Cir. 1984). The trial court did not do so.
The record clearly shows that defendants deposed none of the plaintiff donees but have extensively deposed and conducted discovery with regard to Gilboy. The briefs and arguments clearly indicate that this cause of action belongs to Gilboy, and, in response to questions from this court during oral argument, defendants were unable to point to any prejudice which would flow to them if Gilboy was permitted to become a plaintiff. Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So.2d 1040, 1044 (La.1985).
In Giroir, the issue, as articulated by our supreme court, was whether an amended petition which added as new plaintiffs, decedent's children in wrongful death and survival actions after prescription had run, related back to the date of the filing of their father's timely original petition. Justice Dennis, speaking for the court, relied heavily on LSA-C.C.P. art. 1153 which provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence *394 set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
Justice Dennis noted that this article is based upon Rule 15(c) of the Federal Rules of Civil Procedure and discussed the judicial interpretations of the federal rule which were found to be strongly persuasive. Giroir, 475 So.2d at 1042. While we concede that Gilboy was not before the court, as was Mr. Giroir, we again note that no party to this litigation argues that the cause of action asserted by donees belonged to anyone but Gilboy. Defendants' primary argument is that it belongs to Gilboy and he cannot give it away. Accordingly, since defendants were on notice as to the facts out of which this cause of action arose, there could be no prejudice to defendants by permitting an amendment to substitute Gilboy as plaintiff. For these reasons, we find that the trial court was clearly wrong when it did not permit this suit to be amended.
For the reasons set forth, the decision of the trial court, which dismissed donees' petition on the exception of no right of action, is affirmed. The decision which did not permit an amendment is reversed. The case is remanded to the trial court to permit an amendment of this petition consistent with these proceedings. Costs of this appeal are taxed to defendants.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] The donees are: Stop Teenage Addiction to Tobacco (one-quarter); Adrienne "Toni" D. Gilboy, his wife (one-half); and Carol G. Hill, Lauren G. Orsack, and Robert C. Gilboy, Jr., his children (one-quarter).
[2] The causes alleged are (1) an unreasonably dangerous activity, (2) an unreasonably dangerous per se activity, (3) an ultra-hazardous activity, and (4) negligence.
[3] Gilboy was instructed not to answer these questions by plaintiffs' counsel, who assumed the role of advocate for Gilboy during the deposition and later instituted the suit on Gilboy's behalf.
[4] Additionally, defendants have answered the appeal raising as error the overruling of their exception of lack of subject matter jurisdiction. This alleged error has been mooted by the action we have taken herein.