KING, Judge,
concurring in part and dissenting in part.
I concur with the majority that plaintiff-appellant has no right of action, since she expressly declared and pled that she was not proceeding as a forced heir, to seek either collation of the property transferred in “the 1959 transfer”, La.C.C. Art. 1235; Succession of Higgins, 275 So.2d 447 (La. App. 4 Cir.1973), or to have the property transferred in “the 1959 transfer” declared a donation in disguise, La.C.C. Art. 2444, See, Marshall v. Brumfield, 457 So.2d 811 (La.App. 1 Cir.1984). I also believe, as does the majority, that these actions are personal to a forced heir.
However, as the majority correctly points out, plaintiff also sought to void the property transfer involved in “the 1959 transfer”. The well established jurisprudence of Louisiana is that a transfer of property may be declared an absolute simulation at the demand of any person of interest. Adams v. Trichel, 304 So.2d 740 (La.App. 2 Cir.1974); Spiers v. Davidson, 96 So.2d 502 (La.1957), appeal after remand, 135 So.2d 540 (La.App. 2 Cir.1961); See Heirs of Wood v. Nicholls, 33 La. 744 (1881). See also Litvonoff, “The Action In Declaration In Simulation In Louisiana Law,” Essays on the Civil Law Of Obligations 139 (Dai-now Ed. 1969).
The majority then concludes with respect to the action to void “the 1959 transfer” as a simulation that:
“Because plaintiff has filed the instant action in her individual capacity, the only issue presented for our consideration on appeal is whether or not plaintiff, individually, is an interested person so as to entitle her to maintain an action to declare the 1959 transfer an absolute simulation. We find that she is not. Again, plaintiff has absolutely nothing to gain in this lawsuit because she has waived her rights to the forced portion. She therefore has no legal interest in litigating this matter. We therefore find that plaintiff has no right of action to file suit to declare the 1959 transfer an absolute simulation.”
I disagree with this conclusion of the majority that plaintiff-appellant has no legal interest or right of action to declare “the 1959 transfer” an absolute simulation. The record in this matter shows that the plaintiff-appellant, Marjorie Meyer Arsht, petitioned the court for appointment and was appointed and confirmed as Ancillary Testamentary Executrix of her late mother’s succession. Plaintiff-appellant then proceeded to file, in her late mother’s succession proceeding, a petition to set aside “the 1959 transfer” by her late mother stating that the action was being brought on petition of “... Marjorie Meyer Arsht, a resident of Houston, Harris County, Texas, ...” The prayer of plaintiff-appellant’s petition requested that “the 1959 transfer” be voided or declared a disguised donation and that the property involved be returned to the succession or, alternatively, if the property involved was found to be validly donated, that the property be collated and returned to the succession. The majority also recognized that plaintiff-appellant may be the Trustee of a Testamentary Trust established by her late mother in her last will and testament but correctly finds that she did not bring the action to void “the 1959 transfer” in her capacity as Trustee of that Testamentary Trust.
It is thus readily apparent from the record itself that plaintiff-appellant could have an interest in bringing the action in simulation as either the Ancilliary Testamentary Executrix of the succession of her late mother or as the duly qualified and appointed Trustee of a Testamentary Trust established by her late mother. The right or interest may come in the form of being named the Ancilliary Testamentary Executrix, see Succession of Kilpatrick, 356 So.2d 1083 (La.App. 2 Cir.1978), writ den., 359 So.2d 198 (La.1978), appeal after remand, 422 So.2d 464 (La.App. 2 Cir.1982), writ den., 429 So.2d 126 (La.1983), or from *379 the Testamentary Trust created by her late mother, of which she is Trustee, gaining a right or interest as the residuary legatee under her late mother’s will, see Estate of Mallett v. Mallett, 527 So.2d 30 (La.App. 3 Cir.1988), writ den., 528 So.2d 155 (La.1988). Defendant-appellee filed a peremptory action of no right of action or no interest in the plaintiff to institute the suit. La.C.C.P. Art. 927. This exception was maintained by the trial court and by the majority on appeal. Defendant-appellee also filed a dilatory exception of lack of procedural capacity to bring the suit. La. C.C.P. Art. 926. This exception was also maintained by the trial court but not ruled on by the majority on appeal. However, neither the trial court nor the majority on this appeal has given the plaintiff the opportunity to remove the grounds of the objection pleaded by the dilatory or peremptory exceptions by amendment of her petition before ordering her suit dismissed. See La.C.C.P. Arts. 933 and 934. Wfien the grounds of an exception can be removed by amendment, the court must allow petitioner an opportunity to amend. La.C.C.P. Arts 933 and 934; Marshall v. Brumfield, supra; Hodges v. LaSalle Parish Police Jury, 368 So.2d 1117 (La.App. 3 Cir.1979); Sick v. Bendix-United Geophysical Corporation, 341 So.2d 1308 (La.App. 1 Cir.1976). Certainly, in the interest of justice, since Jhe record of this matter shows that the plaintiff-appellant was the duly appointed and qualified Ancilliary Testamentary Executrix of her late mother’s succession and was proceeding in a petition filed in the succession to set aside a transfer of property by her late mother and to have the property returned to the succession, the suit of plaintiff-appellant should not be dismissed on a peremptory exception of no right of action without first giving her an opportunity to amend her petition to set forth her right to proceed as the Ancilliary Testamentary Executrix.
Certainly, in the interest of justice, plaintiff-appellant should also be given the opportunity to amend, to set forth her right to proceed as the duly qualified and appointed Trustee of the Testamentary Trust of her late mother who would also have an interest in voiding “the 1959 transfer” and having the property returned to the succession, as the Testamentary Trust itself would benefit as the residuary legatee under her late mother’s last will and testament. In fact, a trustee would, in my opinion, have a fiduciary obligation to the trust to bring such an action.
For these reasons I respectfully dissent from the majority affirming the dismissal of plaintiff-appellant’s petition in the trial court on an exception of no right of action, without being given the opportunity in the trial court to amend. For this reason I dissent from the majority’s failure to remand this matter to the trial court to give plaintiff-appellant the opportunity to amend her petition, within a reasonable time to be fixed by the trial court, to state the right or interest which she has to seek to void “the 1959 transfer” as a simulation.