## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1209


**MARLENE E. RICHARDSON**

**VERSUS**

**CLIFTON GARCIE**


************

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT,
PARISH OF SABINE, NO. 58,794
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Jimmie C. Peters and Michael G. Sullivan, Judges.


**REVERSED AND REMANDED.**

**William D. Dyess**
**Dyess Law Firm, L.L.C.**
**Post Office Drawer 420**
**Many, LA 71449**
**(318) 256-5667**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Marlene E. Richardson**

**John W. Pickett**
**Attorney at Law**
**Post Office Box 250**
**Many, LA 71449**
**(318) 256-3846**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Clifton Garcie**

PETERS, J.

This matter is before the court on the issue of whether a summary judgment dismissing the possessory action brought by the plaintiff, Marlene E. Richardson, against the defendant, Clifton Garcie, was properly granted by the trial court. For the following reasons, we conclude that genuine issues of material fact remain unresolved, reverse the trial court's grant of summary judgment, and remand the matter for further proceedings.

## DISCUSSION OF THE RECORD

This is a possessory action brought by Marlene E. Richardson wherein she seeks to be recognized as the owner by acquisitive prescription of 1.609 acres of immovable property in Section 4, Township 7 North, Range 13 West, in Sabine Parish, Louisiana. Named as defendant is Clifton Garcie, the record owner of immovable property which includes the acreage at issue.

Ms. Richardson owns a 10.87 acre tract of immovable property in the said Section, Township, and Range which she purchased in April of 1984 from Melvin Ezernack.[1] The 10.87 acres is a part of a sixty-acre tract which was the subject of a partition by the then co-owners in August of 1960. In that partition, Mr. Garcie acquired ownership of approximately thirty acres described in the partition deed as the Southeast Quarter of the Northwest Quarter of the Northwest Quarter and the East Half of the Southwest Quarter of the Northwest Quarter of Section 4, Township 7 North, Range 13 West. In the same transaction, Elvira Garcie Hebert acquired the acreage now owned by Ms. Richardson, described as the East Half of the Southwest

---

[1]The trial reference to Ms. Richardson's date of acquisition is not found in the evidence presented, but only in Mr. Garcie's brief filed in support of his motion for summary judgment. The brief states that Ms. Richardson acquired the property from Mr. Ezernack by a conveyance recorded in Conveyance Book 389, Page 707 of the records of Sabine Parish, Louisiana, on April 11, 1984. Because the parties seem to accept this date as accurate, for the purpose of our evaluation, we will accept it as well.

Quarter of the Northwest Quarter of the Northwest Quarter and the East Half of the Northwest Quarter of the Southwest Quarter of the Northwest Quarter of the said Section, Township, and Range. At some point thereafter,[2] Mr. Ezernack acquired Ms. Hebert's property and, as previously stated, transferred it to Ms. Richardson in April of 1984. Ms. Richardson's property is bounded on the east by Mr. Garcie's property. A fence inside Mr. Garcie's property line which runs generally parallel to the property line sets off the 1.609 acres at issue in this litigation.[3]

In her possessory action, Ms. Richardson asserted that the 1.609 acres has been possessed by her or her ancestors in title for a period in excess of thirty years and that she had possessed it in excess of one year prior to filing suit. In response, Mr. Garcie asserted that the fence was never meant to be a division line of the property and, therefore, acquisitive prescription never began to run against him. In granting the motion for summary judgment, the trial court agreed with Mr. Garcie.

**OPINION**

Ms. Richardson argues on appeal that the trial court erred in granting Mr. Garcie's motion for summary judgment. In doing so, she asserts that unresolved genuine issues of material fact still exist. Specifically, she alleges that there are material issues of fact concerning the date of installation and the original purpose of the fence that Ms. Richardson claims marks the edge of the property that she has acquired by acquisitive prescription. We agree.

---

[2]The record does not establish when Ms. Hebert divested herself of ownership of the property she acquired in the partition.

[3]An August 2001 survey prepared by Benjamin K. Fontenot, a registered professional land surveyor, a copy of which is in the record, shows the location of the fence in detail. It begins east of Mr. Garcie's western boundary, slightly north of the southern common corner of the litigants' property, and runs generally north at a slight eastward angle. The effect of the fence is to create a triangular, or pie-shaped tract, containing 1.609 acres between the litigants' common boundary and the fence.

2

A summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). In discussing the law pertaining to summary judgment procedure our supreme court has stated the following:

> We review a district court's grant of summary judgment *de novo*, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue as to material fact and [ ] the mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.
>
> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id*.
>
> Louisiana Code of Civil Procedure art. 966(C)(2) provides:
>
> (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, motion, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

*Hines v. Garrett*, 04-806, pp. 1-2 (La. 6/25/04), 876 So.2d 764, 765-66 (alteration in original).

3

In the matter before us, Ms. Richardson will bear the burden of proof at trial. Therefore, Mr. Garcie need only establish that there is an absence of factual support for one or more elements essential to Ms. Richardson's claim.

Ms. Richardson is attempting to claim ownership of immovable property based on acquisitive prescription of thirty years' possession pursuant to La.Civ.Code art. 3486. That requires a showing of possession for thirty years "without the need of just title or possession in good faith." La.Civ.Code art. 3486. Here, Ms. Richardson only took possession of the property when she bought it in 1984. Thus, she must "tack" the possession of her ancestors in title in order to establish possession for the requisite thirty years. La.Civ.Code. art. 3442. In order for Ms. Richardson to apply the principle of "tacking," she must prove that she and her ancestors exercised possession of the disputed tract up to a visible boundary since the tract is not included within her title. *McDaniel v. Roy O. Martin Lumber Co., Inc.*, 560 So.2d 676 (La.App. 3 Cir. 1990). Ms. Richardson alleges that she and her ancestors in title have possessed the disputed land as their own, arguing that they considered the fence as the boundary of their property. *See Trahan v. Frankland*, 317 So.2d 298 (La.App. 3 Cir. 1975).

In support of his motion for summary judgment, Mr. Garcie filed an affidavit executed by Ms. Hebert and filed his own affidavit. In her affidavit, Ms. Hebert asserted that the fence on Mr. Garcie's property was constructed in the mid-1950's, at a time when she owned the property now owned by Ms. Richardson, and that it "was never intended to represent a dividing or ownership line between the land owners."

In his affidavit, Mr. Garcie said that he had lived on his thirty acres before it was partitioned and that he had "constructed a fence upon a portion of the 30 acres prior to the partition." Mr. Garcie also asserted in his affidavit that the boundary between his land and Ms. Hebert's "was never specifically measured and marked until surveyed by Benjamin K. Fontenot in August, 2001."

Mr. Garcie also asserted in his affidavit that he had taken affirmative steps to maintain possession of the property. Specifically, Mr. Garcie said that:

> In 2002, Marlene Richardson, the owner of the Richardson property, arranged for timber to be cut from this land. Upon these timber cutters attempting to cross the line now depicted by Fontenot as Richardson's east land line, Affiant stopped and prevented any cutting or harvesting east of this line.
> Affiant, prior to the timber cutting noted above requested that James Ezernak move his mobile home from these same lands. This request was made through Plaintiff and she promptly effected this removal.
> Affiant directed that a letter be sent through retained counsel to Plaintiff on July 12, 2005 directing and requesting she remove certain movables from the land at issue. Plaintiff promptly effected this removal.

Standing alone, the evidence presented by Mr. Garcie establishes that, as between him and Ms. Hebert, the fence was not the recognized boundary between the properties at issue. However, it does not establish when Melvin Ezernack, Ms. Richardson's ancestor in title, obtained the property nor does it establish the understanding between Mr. Garcie and Mr. Ezernack concerning the property. Depending on when Mr. Ezernack obtained the property, and depending on the relationship he and Mr. Garcie had as pertains to the fence, thirty years might exist wherein Ms. Richardson could claim adverse possession by tacking onto her ownership. In fact, to be successful in any event, Ms. Richardson must be able to tack on Mr. Ezernack's adverse possession.

5

Furthermore, the evidence presented by Mr. Garcie does not stand alone. In opposition to Mr. Garcie's motion for summary judgment, Ms. Richardson introduced testimony given by Mr. Garcie on January 6, 2003, in an earlier proceeding concerning Ms. Richardson's property boundary dispute with Louise Sepulvado Garcie. When questioned in that litigation concerning the history and intent of the fence at issue in this litigation, the following exchange took place:

Question. Now, when your dad - - let me back up a little bit. When your dad had it before it was divided up, was that land - - did that land have cross fences on it?

Mr. Garcie. No, it didn't.

Question. It was all open?

Mr. Garcie. Uh huh.

Question. Now, after the division between you and Lucinda and Thelma and your other sister, did anybody put cross fences - - was it cross fenced then?

Mr. Garcie. Well, the only cross fence that was put in there I put one, you know, plum across dividing my thirty on my side.

* * *

Mr. Garcie. Well, I got a fence that runs plum across splitting my thirty from this thirty over there. I put that fence down there. Like I say I must have put that fence down there about in '57.

This testimony appears to assert that Mr. Garcie recognized the fence as a boundary "dividing [his] thirty" acres.

In reviewing the grant of a summary judgment *de novo*, we must draw all reasonable inference in a light most favorable to Ms. Richardson. *Hines*, 876 So.2d 764. Given the fact that Mr. Garcie's testimony in the prior proceeding conflicts with the evidence he presented in support of his motion for summary judgment, we find

6

that there remains an unresolved genuine issue of material fact in this litigation and that the trial court erred in granting the summary judgment.

## DISPOSITION

For the foregoing reasons, we reverse the trial court's grant of summary judgment dismissing the demands of the plaintiff, Marlene E. Richardson, against the defendant, Clifton Garcie, and remand the matter to the trial court for further proceedings. We assess all costs of this appeal to Clifton Garcie.

**REVERSED AND REMANDED.**